[Civ. No. 5708.   Fourth Dist.   Jan. 21, 1958.]

MIRIAM S. SMITH, Respondent, v. ROBERT WILLIAM SMITH, Appellant.

Dreizen & Corfman for Appellant.

M. A. Sturges for Respondent.

WAITE, J. pro tem.*—Plaintiff brought this action for divorce and defendant filed a cross-complaint for annulment. Prior to the marriage which is the subject of this litigation, plaintiff was the wife of Kenneth P. Schmidt, whom she married in 1937, and by whom she had two children. Late in 1950 Schmidt left plaintiff and within a short time defendant, who resided in Pasadena, was visiting plaintiff rather frequently

---

*Assigned by Chairman of Judicial Council.

at her home in Newport Beach. Early in 1951, defendant proposed marriage and on April 10, 1951, plaintiff filed a complaint for divorce against Schmidt. Plaintiff and defendant frequently discussed the pending divorce action and defendant advised plaintiff on certain matters concerning it. Schmidt filed an appearance by counsel in the divorce matter, stipulated that the case be heard as a default, and plaintiff was granted an interlocutory decree of divorce from Schmidt on April 23, 1951.

Meanwhile, rumors were circulating to the effect that Schmidt had divorced plaintiff in Mexico. Defendant told plaintiff that if such occurred, they could be married in Mexico before her California divorce decree became final; that he (defendant) had been married in Mexico before and was familiar with the legality of such marriages. On May 5, 1951, plaintiff and defendant were attending some boat races at Ensenada and were standing in a large group of people on the dock. In an adjacent group was plaintiff's "former husband," accompanied by his "new bride," receiving congratulations on their recent marriage. Defendant said to plaintiff: "Since they have married down here, why don't we get married down here, it is silly to wait." Defendant made similar suggestions many times before plaintiff decided to marry him. About a week after the incident just described, plaintiff and defendant were discussing a story which appeared in a Los Angeles daily newspaper on May 11, 1951, stating that Schmidt and Mrs. Mary Beesemyer had been married in Mexico City on April 29. Further investigation disclosed that on April 19, 1951, Schmidt had secured a decree of divorce from plaintiff in Mexico. Shortly after the discussion concerning the newspaper article, plaintiff consented to marry defendant and on June 23, 1951, two months after plaintiff's interlocutory decree from Schmidt had been granted, the parties were married in Ensenada. Plaintiff and defendant continued to live together as husband and wife until the date of their separation on October 31, 1954, and this action was filed on November 12, 1954.

On the basis of these facts the trial court granted plaintiff an interlocutory decree of divorce, holding that both parties are estopped from setting up or asserting the invalidity of the Mexican divorce decree secured by plaintiff's former husband, and that defendant is estopped from setting up the defense of section 61 of the California Civil Code. The court also ordered a division of the community property, and

48

awarded plaintiff alimony in the sum of $250 per month for one year commencing June 30, 1956. Defendant appeals from this judgment, contending: (1) That the ceremonial marriage of the parties was void from its inception; (2) That defendant should not be estopped from setting up the invalidity of the decree obtained by plaintiff's former husband or from setting up the defense of section 61 of the California Civil Code; (3) That since the marriage of the parties was void, there could be no community property and plaintiff is not entitled to a division of defendant's separate property; and (4) That the marriage being void, there could be no award of alimony.

■ It cannot seriously be disputed that the ceremonial marriage between these parties was void *ab initio*. The marriage two months after the entry of the interlocutory decree in plaintiff's action in California against Schmidt is expressly declared void from the beginning by section 61 of the Civil Code (*Sullivan* v. *Sullivan*, 219 Cal. 734, 736 [28 P.2d 914]), and this result can be avoided only if Schmidt's Mexican decree from plaintiff is valid. It was established that Schmidt's domicile was in California at all times involved and that he never was a resident of Mexico. Also, it appears that plaintiff in this action was never served with any papers or documents in connection with Schmidt's action in Mexico. Hence, the Mexican court was without jurisdiction to grant the decree to Schmidt. (*Brill* v. *Brill*, 38 Cal.App.2d 741, 747 [102 P.2d 534], and cases therein cited.)

■ The next question is whether appellant is estopped from contesting the validity of the Mexican divorce decree obtained by Schmidt, and estopped from setting up the defense of section 61 of the California Civil Code. The facts in this case are strikingly similar in many respects to those considered in *Spellens* v. *Spellens*, 49 Cal.2d 210 [317 P.2d 613]. In that recent decision the Supreme Court reviewed at some length the many cases involving points similar to those before us and held that the facts warranted the application of the doctrine of estoppel. In the Spellens case the plaintiff, aided and advised by defendant, secured an interlocutory decree of divorce in California. Four days later, plaintiff and defendant were married in Mexico, defendant having told plaintiff that upon the granting of the interlocutory decree in California they could be legally married in Mexico. The Supreme Court held that although the marriage was void (Civ Code, § 61), nevertheless defendant was estopped to deny its validity. Even a stronger case for application of the doctrine of estoppel

appears in the matter before us, for here the appellant, relying on the rumors concerning Schmidt's Mexican decree, urged respondent to remarry as her former husband had done. In the Spellens case no Mexican divorce decree had intervened between the California interlocutory decree and the Mexican marriage.

In his opening brief appellant strongly relied on the decision of the District Court of Appeal in the Spellens case (*Spellens* v. *Spellens*, (Cal.App.) 305 P.2d 628) and the opinion of the Supreme Court, reversing the holding of the District Court of Appeal, intervened between the filing of appellant's opening and closing briefs. He concedes in his closing brief that the decision of the Supreme Court "has certainly removed one of appellant's major points in this appeal." He argues, nevertheless, that he is still entitled to a reversal for the reason that the trial court's finding that both parties relied on the validity of Schmidt's Mexican divorce and the court's conclusion therefrom that both parties, having accepted the validity of that decree, and having married in reliance thereon, are estopped to set up its invalidity, are not supported by the evidence. Appellant urges that he cannot be estopped unless he has "full knowledge of the facts" and that he had no actual knowledge of the facts surrounding the Mexican decree secured by Schmidt. We are not sympathetic to appellant's plea that he should not be estopped because he relied on rumors of a Mexican divorce rather than making a full investigation of that matter before exchanging marriage vows with respondent.

It follows from the estoppel that appellant's remaining points are not well taken. The trial court made an equitable division of the quasi-community property acquired by the parties and properly awarded plaintiff a reasonable sum for support. The fairness of the division of the quasi-community property and the reasonableness of the sum awarded as alimony are not in issue, the only question raised being the jurisdiction of the court to make such orders where the marriage is void. Respondent has requested her costs and attorneys' fees on this appeal. She is entitled to her costs, of course, but the matter of attorneys' fees should be determined by proceedings in the trial court. (*Spellens* v. *Spellens, supra,* p. 210.)

The judgment is affirmed.

Barnard, P. J., and Mussell, J., concurred.