Linda TRAUDT, individually, and Walter Dean Traudt, by and through his next friend, guardian and mother, Linda Traudt, Plaintiffs,

v.

Robert FINCH, Secretary of the Department of Health, Education and Welfare of the United States (and the Social Security Administration), Defendant.

No. Civ. 1611 L.

United States District Court, D. Nebraska.

June 25, 1971.

**1294**

Joseph L. Krause, Lincoln, Neb., for plaintiffs.

John Gale, Asst. U. S. Atty., for defendant.

## MEMORANDUM

URBOM, District Judge.

The plaintiff in this action, Linda Traudt, on behalf of herself and her infant son, has appealed from a final decision of the Secretary of Health, Education and Welfare pursuant to 42 U.S.C.A. § 405(g). As there is no dispute as to any material fact, this case now stands submitted upon the parties' cross motions for summary judgment.

On June 4, 1968, the plaintiff's husband, Gaylord R. Traudt, was killed in an accident. Thereafter the plaintiff filed an application for mother's insurance benefits as provided in 42 U.S.C.A. § 402(g), and an application for child's insurance benefits on behalf of a minor child, as provided in 42 U.S.C.A. § 402 (d). This claim was based on the earnings record of the plaintiff's husband. The plaintiff and her infant child were awarded monthly Social Security benefits of $97.10 each, effective June, 1968. The plaintiff, through her attorney, objected to the computation of the monthly benefits awarded by the Social Security Administration and requested reconsideration. (Transcript 74–78) The Social Security Administration reconsidered the matter and affirmed the initial determination. Thereafter, the plaintiff requested a hearing, which was held before a hearing examiner who rendered a decision unfavorable to the plaintiff.

(Transcript 19–29) A review of the hearing examiner's decision was conducted by the Appeals Council of the Social Security Administration who rendered a decision affirming the hearing examiner. (Transcript 3–5) The decision of the Appeals Council stands as the final decision of the Secretary of Health, Education and Welfare. The issue presented to this court is identical to the issue presented during the entire administrative proceeding and centers around the correct computation of the amount of monthly benefits payable to the plaintiff and her child. Although the court is narrowly restricted in its scope of review of Social Security cases, especially with respect to findings of fact made by the Secretary, the conclusions of law made by the Secretary are not binding upon this court. Celebrezze v. Bolas, 316 F.2d 498 (C.A. 8th Cir. 1963); Tucker v. Celebrezze, 220 F.Supp. 209 (U.S.D.C.N.D.Iowa 1963). Since the Secretary's findings of fact are not disputed here, but rather his construction of the appropriate statutes and regulations concerning the computation of benefits, the court must thoroughly examine these conclusions to determine their legal accuracy.

The dispute over monthly benefits is grounded upon a disagreement over the method of computation of the average monthly wage earned by the plaintiff's deceased husband prior to his death. This average monthly wage is then used to compute the benefits eligible to be received by the plaintiff and her child. An individual's average monthly wage is determined by a formula found in the Social Security Act and in pertinent part reads as follows:

"(b) (1) For the purposes of column II of the table appearing in subsection (a) of this section, an individual's 'average monthly wage' shall be the quotient obtained by dividing—

(A) the total of his wages paid in and self-employment income credited to his 'benefit computation years' (determined under paragraph (2), by

(B) the number of months in such years.

"(2) (A) The number of an individual's 'benefit computation years' shall be equal to the number of elapsed years (determined under paragraph (3) of this subsection), reduced by five; except that the number of an individual's benefit computation years shall in no case be less than two.

"(B) An individual's 'benefit computation years' shall be those computation base years, equal in number to the number determined under subparagraph (A), for which the total of his wages and self-employment income is the largest.

"(C) For purposes of subparagraph (B), 'computation base years' include only calendar years in the period after 1950 and prior to the earlier of the following years—

&ast; &ast; &ast; &ast; &ast; &ast;

"(ii) the year succeeding the year in which he died.

"Any calendar year all of which is included in a period of disability shall not be included as a computation base year.

"(3) For purposes of paragraph (2), the number of an individual's elapsed years is the number of calendar years after 1950 (or, if later, the year in which he attained age 21) and before—

&ast; &ast; &ast; &ast; &ast; &ast;

"(B) in the case of a man who has died, the year in which he died or, if it occurred earlier but after 1960, the year in which he attained age 65, &ast; &ast; &ast; .

&ast; &ast; &ast; &ast; &ast; &ast;

"For purposes of the preceding sentence, any calendar year any part of which was included in a period of disability shall not be included in such number of calendar years.

"(4) The provisions of this subsection shall be applicable only in the case of an individual—

(a) who becomes entitled, after January, 1968, to benefits under section 402(a) of this title or section 423 of this title &ast; &ast; &ast; "

42 U.S.C.A. § 415

In attempting to apply the statutory formula to this case it is necessary to set out certain facts.

1. Gaylord Traudt, the deceased wage earner, was born March 20, 1944, and attained the age of 21 March 20, 1965.

2. During the year 1966 the deceased earned $1,701.35.

3. During the year 1967 the deceased earned $4,658.38.

4. During the year 1968 until the time of his death the deceased earned $2,736.82.

5. The wage earner died June 4, 1968.

■ The hearing examiner of the Social Security Administration properly found that the two years to be considered as a wage earner's "benefit computation years" are 1967 and 1968. Although 1966 could be used as a benefit computation year, it would result in a lower rate of benefits and so must be disregarded. It is agreed that the total wages earned during 1967 and 1968, or the numerator of the equation found in § 415(b) (1), is $7,395.20. However, it is disputed whether the divisor of the equation, or "the number of months in such years," should be 24, 17, or 18.

■ The hearing examiner found that the total earnings of 1967 and 1968 should be divided by 24, even though the wage earner lived and earned income only during 17 of those 24 months. The plaintiff argues strenuously that the divisor should not be the full 24 months, since the wage earner was unable to earn for that full period of time and dependents should not be cut off from their full measure of benefits because of the ill timing of their bereavement; that is, the amount of monthly benefits the plaintiff and her child are to receive for possibly a substantial number of years should not depend upon the sheer chance of the tragedy of the loss of their husband having occurred early rather than late in his income year.

The court is fully sympathetic with the view that the Social Security Act should be construed to allow the fullest possible benefits to a claimant; however, the court can find no statutory provision whatsoever that would allow "the number of months in such years" to ever be less than 24. Subsection (b) (2) (A) of 42 U.S.C. § 415 specifically provides "the number of an individual's benefit computation years shall in no case be less than two." Further, subsection (b) (2) (C) states that for determining computation base years a claimant may include *"only calendar years* in the period after 1950 and prior to * * * the year succeeding the year in which he died." (Emphasis added) This rather convoluted language indicates that while the year of death may be included as a benefit computation year, it must be included as an entire calendar year. There is no language whatsoever to indicate that a calendar year could contain less than 12 months.

While the plaintiff argues that 20 C.F.R. § 404.237 allows 18 months to be used as a divisor in certain instances, the court is in agreement with the Appeals Council that such regulation is not applicable in this case. Those regulations, found beginning at 20 C.F.R. § 404.230 and continuing through § 404.-244, are entitled, "Basic Computation Arising from Social Security Amendments of 1954." The plaintiff here is claiming under the amendments of 1968. Further, even under these regulations the closing date for computing a wage earner's average monthly wage would have to be either the first day of the year in which he died or the first day of the year following the year in which he died. 20 C.F.R. § 404.241. Months would appear to be excludable from computation only when they occur "in any year prior to the year in which such individual attained the age of 22." 20 C.F.R. § 404.-237.

The court is convinced that if the plaintiff desires to include the wage earner's income from the year 1968 in any computation of average monthly wage within the meaning of the Social Security Act, it must be computed as a full year of 12 months or not at all. While this computation does reduce the monthly benefits eligible to be received by the plaintiff and her child, the court can discern no way within the language of the statute either to reduce the number of months contained in calendar year 1968 or to carry forward the deceased's rate of earnings to the end of calendar year 1968.