FAYE I. BOERSEN, APPELLEE, V. HAROLD EUGENE HUFFMAN, APPELLANT.

203 N. W. 2d 489

Filed January 12, 1973. No. 38080.

Harold Eugene Huffman, pro se.

Vincent L. Dowding of Luebs, Tracy, Huebner, Dowding & Beltzer, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This is a suit for an annulment brought by Faye I.

Boersen against Harold Eugene Huffman. The trial court declared the ceremonial marriage between the parties to be void. The defendant appeals.

The record shows the parties participated in a marriage ceremony at Las Vegas, Nevada, on March 5, 1969. On that date the plaintiff was married to Richard A. Boersen, a fact which was not denied in any of the numerous pleadings filed by the defendant. Consequently, the Nevada marriage was absolutely void. § 42-103 (1), R. R. S. 1943; Copple v. Bowlin, 172 Neb. 467, 110 N. W. 2d 117; Scott v. Scott, 153 Neb. 906, 46 N. W. 2d 627, 23 A. L. R. 2d 1431.

The defendant's contention was that the plaintiff was barred from relief by the clean hands doctrine because she knew she was still married to Boersen at the time of the Nevada ceremony. The contention has no merit because the doctrine does not apply where the marriage is absolutely void. Christensen v. Christensen, 144 Neb. 763, 14 N. W. 2d 613.

The defendant's other contentions relate to his claim that he was the father of the plaintiff's son born October 31, 1969. The trial court made no finding concerning the paternity of the child. It was not a proper issue in the annulment case because there was no claim for support or custody. Timmerman v. Timmerman, 163 Neb. 704, 81 N. W. 2d 135, 65 A. L. R. 2d 1372; Paltani v. Creel, 169 Neb. 591, 100 N. W. 2d 736.

There has been no determination on the paternity issue adverse to the defendant and of which he can complain. If he has any right which should be litigated, it may be asserted in a proper proceeding.

The judgment of the district court is affirmed.

AFFIRMED.