**Alice Mary McGUIRE, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.**

Civ. No. 77–0–118.

United States District Court, D. Nebraska.

Oct. 25, 1977.

James P. Miller, Omaha, Neb., for plaintiff.

Robert F. Kokrda, Asst. U. S. Atty., D. Neb., Kirk Maldonado, Intern., Omaha, Neb., for defendant.

## MEMORANDUM

DENNEY, District Judge.

This matter is before the Court upon the defendant's motion for summary judgment [Filing # 7]. Jurisdiction for this appeal from a determination adverse to the claimant by the Secretary of Health, Education and Welfare is based upon 42 U.S.C.A. § 405(g) (1974). The following facts are apparent from the record below.

On March 30, 1956, Dean Robert McGuire and Geraldine Eleanor Romberg applied for a marriage license in Douglas County, Nebraska. The marriage was performed by a pastor on the following day. This union

apparently lasted about four years. The records of the Clerk of Contra Costa County in California show that a property settlement agreement was executed on May 20, 1960, by the estranged couple. These California records further reveal the filing of an interlocutory judgment and decree of divorce by a Superior Court judge on March 5, 1963. Statutory law existing in the State of California at the time of these proceedings in Contra Costa County required the passage of one year after the entry of the interlocutory judgment before a final decree of divorce could be entered. 1903 Cal. Stats. (current version at Cal.Civ.Code § 4514 (West 1970)). Upon the motion of Geraldine McGuire, the Contra Costa County Superior Court granted a final judgment of divorce on March 31, 1964.

On June 14, 1963, a man by the name of Dean R. McGuire married Alice M. Christensen in South Sioux City, Nebraska. Marital discord developed, and Mr. McGuire left home. This marriage was eventually dissolved by a decree executed by a Douglas County District Court judge on October 17, 1974. According to statute in Nebraska, such a decree is not deemed final until a six month waiting period is observed. On January 22, 1975, Dean R. McGuire passed away. Alice McGuire filed for Social Security Benefits on the following day.

Mrs. McGuire's application for widow's benefits was denied on May 8, 1975. Internal administrative procedures were followed in an attempt to obtain favorable reconsideration of this decision. A hearing before an Administrative Law Judge was held, and certain findings of law and fact resulted.

### ADMINISTRATIVE FINDINGS

The Administrative Law Judge found a number of sections of the Social Security Act to be applicable in this case. According to the analysis below, widow's benefits are available under 42 U.S.C.A. § 402(g) (1974) only if the applicant meets one of two standards of eligibility. The first standard is met if the courts of the State in which the insured was domiciled would find that the decedent and the applicant were validly married at the time of his death. Eligibility under the first standard also exists if the applicant would have the same status as a widow under State laws concerning the devolution of intestate personal property. 42 U.S.C.A. § 416(h)(1)(A) (1974).

The second standard is satisfied if the applicant is not the widow of an insured individual, but

it is established to the satisfaction of the Secretary that such applicant in good faith went through a marriage ceremony with such individual resulting in a purported marriage between them which, but for a legal impediment not known to the applicant at the time of such ceremony, would have been a valid marriage, and such applicant and the insured individual were living in the same household at the time of the death of such insured individual . . . .

42 U.S.C.A. § 416(h)(1)(B) (1974).

At the administrative hearing, the Administrative Law Judge determined that the Dean Robert McGuire who married Geraldine Romberg was the same individual who subsequently married Alice Mary Christensen McGuire, the appellant in this action. California law was analyzed by the court and a finding was made that Mr. McGuire's marriage to Geraldine Romberg was still valid at the time of the later marriage. Because of the requirements of section 216(h)(1)(A) of the Social Security Act, the Administrative Judge then resorted to the law of Nebraska, the State of domicile of Mr. McGuire at the time of his death. A determination was made that the applicant's marriage to the decedent was void *ab initio* and that Alice McGuire could not receive the personal property of her ostensible husband under Nebraska's law of intestate succession. Thus, the first standard of eligibility was not met by the claimant.

The possibility of an award of widow's benefits under the second standard of eligibility was also eliminated due to the undisputed fact that the claimant and the deceased were not living under the same roof at the time of death.

Denial of these widow's benefits at the hearing level prompted further appeals within the agency. When Alice McGuire could not persuade the Appeals Council to adopt the position that her marriage to the deceased was valid, an appeal was filed in federal district court.

## SCOPE OF JUDICIAL REVIEW

The power of this Court to scrutinize the findings of the Administrative Law Judge is defined by statute:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive
>
> . . . .

42 U.S.C.A. § 405(g) (1974).

This statute forecloses the possibility of a trial de novo on factual issues in this Court. Other courts are in agreement with this basic proposition. *Klug v. Weinberger*, 514 F.2d 423, 425 (8th Cir. 1975); *Sorenson v. Weinberger*, 514 F.2d 1112 (9th Cir. 1975); *Orlandini v. Weinberger*, 421 F.Supp. 586, 588 (E.D.Wis.1976).

As the terms of the statute suggest, administrative findings of fact will be upheld if supported by substantial evidence on the whole record. *Russell v. Secretary of HEW*, 540 F.2d 353, 357 (8th Cir. 1976); *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975); *Ennis v. Califano*, 427 F.Supp. 260, 261 (E.D.Mo.1977); *Gotschall v. Weinberger*, 391 F.Supp. 73 (D.Neb.1975). The substantial evidence test requires "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938). The standard is not as high as the preponderance of the evidence test used in civil cases. The fact that the record supports conclusions inconsistent with the position adopted by an agency does not mean that the administrative findings are inadequate-ly supported. *NLRB v. Nevada Consol. Copper Corp.*, 316 U.S. 105, 106–07, 62 S.Ct. 960, 86 L.Ed. 1305 (1942).

■ This Court is not so strictly bound in its evaluation of the Administrative Law Judge's interpretation of questions of law. Since the heart of the McGuire administrative decision involves the consideration of California and Nebraska domestic relations law, no special deference need be paid to the expertise of the agency. In contrast with the substantial evidence test, no administrative evaluation of the credibility of witnesses based upon demeanor need be given weight by the reviewing court in the question of law context. *Traudt v. Finch*, 329 F.Supp. 1293, 1294 (D.Neb.1971).

In light of these review principles, this Court makes the following findings of fact and law as required by Rule 52(a) of the Federal Rules of Civil Procedure.

## STANDARDS OF LAW

*Power of Administrative Interpretation*

■ In this appeal, Alice McGuire challenges the power of an Administrative Law Judge to interpret the law of California and Nebraska. This position is not tenable. Authority for the administrative examination of state statutes is granted within 42 U.S.C.A. § 416(h)(1)(A) (1974). Courts have recognized the power in the Social Security Administration to make a determination of benefit eligibility based on state law. *Magner v. Hobby*, 215 F.2d 190, 195 (2d Cir. 1954), *cert. denied*, 348 U.S. 919, 75 S.Ct. 305, 99 L.Ed. 721 (1955); *Magner v. Folsom*, 153 F.Supp. 610, 615 (S.D.N.Y.1957).

■ The issuance of a divorce decree by a Nebraska court upon an *ex parte* application does not bind an administrative agency to a finding that a valid marriage existed prior to the dissolution. This is especially true where the Secretary was not a party to the divorce court proceeding. *Cruz v. Gardner*, 375 F.2d 453, 455–56 (7th Cir. 1967), *cert. denied*, 389 U.S. 886, 88 S.Ct. 160, 19 L.Ed.2d 184 (1967); *Nigro v. Hobby*, 120 F.Supp. 16, 19 (D.Neb.1954).

Furthermore, the administrative agency is not required to accept the judgment of a lower State court under § 416(h) if it appears that the Supreme Court of that State would take a different position. *Cain v. Secretary of HEW*, 377 F.2d 55, 58 (4th Cir. 1967).

 When all of the pertinent facts are not raised before a State court in a divorce action, and subsequent investigation suggests that a troubled marriage was never valid in the first place, the judgment is open to attack in State court. *James v. Richardson*, 367 F.Supp. 736, 738 (S.D.N.Y. 1973). If factual issues were not raised prior to judgment in a State court, the Secretary is not barred from considering the matter in an administrative hearing. *Taylor v. Richardson*, 354 F.Supp. 13, 16 (M.D.La.1975).

## Burden of Proof

 The Administrative Procedure Act provides, except as otherwise provided by statute, that "the proponent of a rule or order has the burden of proof." 5 U.S.C.A. § 556(d) (1977). In contrast, the Secretary is statutorily bound to apply Nebraska substantive rules of law. Nebraska recognizes a presumption of marriage and requires the party questioning the validity of a particular relationship to bear the evidentiary burden. *Homan v. Homan*, 181 Neb. 259, 262, 147 N.W.2d 630, 631–32 (1967). Reconciliation of these two conflicting rules is possible. During the course of an exhaustive review of the law of New York, the Second Circuit addressed the issue of the strength of the marital presumption in a Social Security Act case. In *Dolan v. Celebrezze*, 381 F.2d 231 (2d Cir. 1967) (Friendly, C. J.), the court examined cases upholding the validity of a subsequent marriage and concluded that such holdings

> are explicable in terms of effectuating a particular public policy such as upholding legitimacy, favoring the participation in the decedent's estate of one who lived with him as his spouse, and preserving the validity of a marriage where no strong public policy would be served by doing otherwise.

*Dolan* at 237.

The Second Circuit found that none of these policies was present in the hearing before the government agency and that the burden of proof ought to be borne by the applicant. Despite this allocation, that court observed the weakness of the burden and recognized that benefits should be awarded in the face of convincing evidence. *Dolan* at 238.

## Domestic Relations Law

 Nebraska law provides for the recognition of divorces in other States if jurisdiction exists over the parties in the foreign proceeding. *Zenker v. Zenker*, 161 Neb. 200, 72 N.W.2d 809 (1955); Neb.Rev.Stat. § 42–341 (Cum.Supp.1976). The Full Faith and Credit Clause ʻof the Constitution requires that divorce decrees be recognized in all of the States when one of the parties to the action was domiciled in the State where the decree was granted. H. Clark, The Law of Domestic Relations in the United States § 11.2, at 287–89 (1968). Since no argument has been made that the California Superior Court was without jurisdiction to divorce Dean and Geraldine McGuire, this Court need only concern itself with the date that the decree was finalized.

California law requires the entrance of an interlocutory judgment if a court of that State determines that the divorce ought to be granted. 1903 Cal.Stats. (current version at Cal.Civ.Code § 4512 (West 1970)). Under the statute existing at the time of the McGuire divorce, one year must pass after entrance of the interlocutory judgment before a motion can be made to enter a final judgment. 1903 Cal.Stats. (current version at Cal.Civ.Code § 4514 (West 1970)). This one year waiting period is mandatory, and the parties are considered still to be married while the interlocutory decree is in effect. Clark, *supra* § 13.8 at 402–04. Nebraska has recognized the policy of reconciliation behind the concept of an interlocutory decree. *Shinn v. Shinn*, 148 Neb. 832, 839, 29 N.W.2d 629, 633 (1947). Marriages during the waiting period are void *ab initio* under California law. *Smith v. Smith*, 157

Cal.App.2d 46, 320 P.2d 100 (1958); *Corbett v. Corbett*, 113 Cal.App. 595, 298 P. 819 (1931).

California's nunc pro tunc statute is not helpful to the appellant here. According to the pre-1970 version of this law, "any marriage of either of [the parties to the divorce] subsequent to one year after the granting of the interlocutory judgment . . . shall be valid for all purposes" if the proper procedures are followed. 1935 Cal.Stats. (current version at Cal.Civ.Code § 4515 (West 1970)). Even if a motion for retroactive validation were to be made, the record shows that the South Sioux City marriage took place within four months of the date of the entrance of the interlocutory judgment in California. If the Dean R. McGuire who divorced Geraldine is the same man who exchanged vows with the appellant, it seems clear that the latter marriage took place before the California divorce was final.

Nebraska law specifically states that a marriage is void when either party already has a living spouse. Neb.Rev.Stat. § 42–103(1) (Cum.Supp.1976); *Boersen v. Huffman*, 189 Neb. 469, 203 N.W.2d 489 (1973); *Scott v. Scott*, 153 Neb. 906, 46 N.W.2d 627 (1951). Cases that hold to the contrary pre-date the abolition of common-law marriages in this State in 1923. *Ropken v. Ropken*, 169 Neb. 352, 99 N.W.2d 480 (1959).

This Court's review of the law applicable in this Social Security Act appeal shows that Alice McGuire is not entitled to widow's benefits if the Administrative Law Judge's findings of fact are supportable. Examination of these findings under the "substantial evidence" test is now required.

### FINDINGS OF FACT

■ Alice McGuire disputes the administrative findings on several grounds. Specifically, she challenges the introduction of various State divorce court records into evidence without the development of adequate foundation. The record shows that the Administrative Law Judge had gathered some material documents for use in the evaluation of the applicant's claim. No agency counsel was present at the administrative hearing. Introduction of the records was achieved through the judge himself.

The Administrative Procedure Act deals with the introduction of evidence in agency hearings at 5 U.S.C.A. § 556(d) (1977):

Any oral or documentary evidence may be received, but the agency as a matter of policy shall provide for the exclusion of irrelevant, immaterial, or unduly repetitious evidence. A sanction may not be imposed or rule or order issued except on consideration of the whole record or those parts thereof cited by a party and supported by and in accordance with the reliable, probative, and substantial evidence.

This Court cannot say that the admission of these records was erroneous. While the absence of foundation may be critical in some cases, the documents admitted here are reliable. Many of the exhibits have filing stamps and docket pages visible on their surfaces. A few have the signatures of judges and clerical officers. No reasonable question as to their authenticity exists. They are clearly relevant and material in the resolution of the marital status issue. A requirement of detailed foundation prior to the admission of public records would thwart the administrative law policy of receiving all relevant and material evidence without being bound by exclusionary rules designed for jury trials. *FTC v. Cement Institute*, 333 U.S. 683, 705–06, 68 S.Ct. 793, 92 L.Ed. 1010 (1948). Rather than excluding evidence on the basis of foundational objections, the better course might be to evaluate the worth of a document in terms of relevancy. If the nexus between the evidence and the proposition is tenuous due to lack of foundation, the agency may adjust its evaluation of the document's worth accordingly. This evaluation would be reviewable, along with the rest of the administrative record, under the substantial evidence test.

■ Alice McGuire further alleges that no substantial evidence supports the Administrative Law Judge's determination

that the Dean R. McGuire who was a party to the California divorce was the same man that she married in June of 1963. The appellant particularly objects to the comparison of signatures on various exhibits. Arguing that the Administrative Law Judge had no expertise in the identification of handwriting, the claimant urges reconsideration of this factual issue. Bearing in mind the appropriate scope of review in Social Security Act cases, this Court cannot say that the administrative finding of fact below was without rational support. While the evaluation of handwriting is normally an exercise for an expert or one familiar with a signature, the comparison is probative and not an abuse of discretion as a matter of law. When the rest of the record is examined, other facts bolster the finding of ultimate fact.

Marriage and divorce records admitted into evidence at the hearing show that the Dean R. McGuire who was a party to the California divorce was the same age as the appellant's husband. The number of prior marriages is also consistent in the State court documents.

One of the exhibits admitted into evidence was a report of a contact made by the agency with the aunt of Alice McGuire. She confirmed that Dean McGuire had formerly been married to Geraldine Romberg and· had been divorced from her in California.

Alice McGuire testified in the administrative hearing that her spouse's former wife was named "Gerry." Even the applicant's counsel admitted a "high probability" that the man who was divorced in California was the husband of the appellant.

This Court believes that the evidence presented at the administrative hearing was adequate to support the findings of fact under the substantial evidence test. The defendant's motion for summary judgment is granted.

An order is filed contemporaneously herewith in accordance with this memorandum.