**Joaquina SEPULVEDA, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. No. 81–1945 (JP).**

United States District Court, D. Puerto Rico.

Sept. 16, 1983.

Porfirio Martínez Laboy, José Ramón Méndez, Puerto Rico Legal Services, Ponce, P.R., for plaintiff.

Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PIERAS, District Judge.

This is an action brought under Section 205(g) of the Social Security Act, as amended (the Act), for review of the final decision of the Secretary of Health and Human Services (the Secretary), denying plaintiff's application for widow's insurance benefits.

The facts underlying this decision are as follows: On September 16, 1916, Serafín Baez Figueroa, the wage-earner, married Angela Morales Lebrón in Yauco, as appears from the certificates of marriage from the Church (Tr. 195), and the Demographic Registry (Tr. 238). The wage-earner lived with Angela Morales on and off until around five to six months after their son was born on December 22, 1918. (Tr. 31, 196). The wage earner left Angela Morales, moved out of town and she never knew of him. (Tr. 50). Eight years after, Angela Morales went to live with another man from whom she had two children and separated subsequently thereafter. Angela Morales lived all her life in the same neighborhood and never was served with divorce proceedings. (Tr. 35–50, 220).

The wage earner abandoned his wife, Angela Morales, and went to live to Ponce, P.R. On March 2, 1925, he married Joaquina Sepúlveda Mercado, plaintiff herein, without having divorced his first wife. (Tr. 197). The wage earner lived with her until his death on September 20, 1977. (Tr. 85). Joaquina Sepúlveda met the wage earner two years before her wedding. He told her that he was originally from Yauco, but that no family was left. According to plaintiff, the wage earner was always a good husband and father. (Tr. 77–82).

Upon the death of Serafín Báez, plaintiff and her children started receiving widow's and child's insurance benefit, respectively. In May 1978, Angela Morales applied for widow's and child's insurance benefits on the same account of Serafín Báez. Plaintiff was notified that another woman was claiming the status of widow of the wage earner and that the children's benefits were being reduced in view of the application of another child of the wage earner. Joaquina Sepúlveda challenged this decision through all the administrative channels up to this Court.

At this stage of the proceedings, we are bound to ascertain only whether there is substantial evidence in support of the Secretary's decision. *Richardson v. Perales*, 402 U.S. 389, 395, 91 S.Ct. 1420, 1424, 28 L.Ed.2d 842 (1970).

Section 202(e) of the Social Security Act, as amended, provides in pertinent part that the widow, as defined in Section 216(c) of the Act, of a man who died fully insured is entitled to monthly benefits if she has attained age sixty (60) and if she has filed an application.

Section 216(c) of the Act, as amended, provides, in pertinent part, that the term "widow" means the surviving wife of a man.

Section 216(h)(1)(A) of the Act, as amended, provides in pertinent part, that an applicant is the widow of a man if the courts of the state in which the man was domiciled at the time of his death would find that they were validly married to each other at the time of his death. If the courts would not find that they were validly married to each other, the applicant is deemed to be the widow if the courts would accord her the same rights as if she were the widow in the devolution of intestate personal property.

Section 216(h)(1)(B) of the Act, as amended, provides in pertinent part, that if applicant cannot qualify under Section 216(h)(1)(A) of the Act, as amended, she can qualify if she can establish that she and the deceased had a ceremonial marriage, that she married him in "good faith", that the only impediment to a valid marriage was a legal impediment of which she was unaware, and they were living together in the same household at the time of his death. A woman who has been entitled under this provision shall have her benefits terminated effective with the month that the Secretary of Health, Education and Welfare certified

payment to another woman who qualifies as the widow under Section 216(h)(1) of the Act, as amended.

Section 404.344 of the Code of Federal Regulations, Chapter III of Title 20, provides in pertinent part, that to decide your relationship to the insured, we look first to state laws. If your relationship cannot be established under state law, you may still be eligible for benefits if your relationship as the insured's widow is based upon a "deemed valid marriage" as described in the Act.

Therefore, we must look to the laws of Puerto Rico to determine whether the courts of Puerto Rico will consider plaintiff to be the legal widow of the wager earner.

Article 68 of the Civil Code of Puerto Rico states that marriage is a civil institution, originating in a civil contract, whereby a man and a woman mutually agree to become husband and wife and to discharge towards each other the duties imposed by law. It is valid only when contracted and solemnized in accordance with the provisions of law; and it may be dissolved before the death of either party only in the cases expressly provided for in this title.

Article 69 of the Civil Code also provides that the requisites for the validity of a marriage are: The legal capacity of the contracting parties . . .

Article 70 of the Civil Code states that the following persons are incapacitated to contract marriage: One who is already legally married . . .

Article 909 of the Civil Code provides that in default of brothers and nephews, the surviving spouse shall succeed to all the property of the descendant, whether or not the sisters and nephews be of the whole blood or the half blood.

In the case at bar, there is substantial evidence to establish that at the time of the wage earner's death, he was still legally married to Angela Morales and that Angela Morales was the widow of Serafín Baez for purposes of widow's insurance benefits under the Act.

Plaintiff first claims as error in the decision of the Secretary, that the first marriage to Angela Morales was also null and void because, at the time the marriage was celebrated, she was incapacitated to contract marriage because of age.

■ Article 70 of the Civil Code provides, in part, that a person of the female sex under sixteen years of age is incapacitated to contract marriage. However, this same Article of the Civil Code further provides that marriage contracted by persons under the said age of puberty shall, nevertheless, be valid ipso facto and without an express declaration, if one day after having arrived at the legal age of puberty, the parties shall have lived together without the representatives of either of them having brought suit against its validity, or if the woman shall have conceived before the legal age of puberty. Having Angela Morales conceived and given birth to a child of the wage earner when she arrived at the legal age of puberty, her marriage became valid ipso facto without express declaration of the Court.

■ Plaintiff's second claim of error is that the Bureau of Hearings and Appeals of the Social Security Administration is not a competent Court to declare the nullity of a marriage. We agree. However, nowhere has the Secretary declared null and void plaintiff's marriage to 'the wage earner with all the consequences of this declaration. The Secretary has merely determined who would be the legal widow of the wage earner according to the Laws of Puerto Rico for the only purpose to determine who is entitled to widow's insurance benefits. *See: Cain v. Secretary of Health, Education and Welfare,* 377 F.2d 55 (4th Cir.1967). The Secretary does not have to wait for a valid court order declaring null and void the marriage to accord the legal widow the rights under the Act. *See: McGuire v. Califano,* 440 F.Supp. 1031, 1035 (D.C.Neb. 1977).

Plaintiff also claims that the burden of proof as to the nullity of the second marriage was not met in this case. She cites from the case of *Cruz v. Ramos,* 70 P.R.R. 681 (1949), where the Supreme Court of Puerto Rico stated that:

"The general rule is that in order to obtain a decree of annulment of marriage on the ground that when the latter was contracted one of the spouses was incapacitated to marry by reason of a prior marriage, it is not only necessary to prove the contracting of the prior marriage, but also that said marriage, at the time of the second, has continued in force and had not terminated by the death of the absent spouse, or by a decree of divorce or annulment. (citations omitted). This rule has its basis in public policy which establishes one of the strongest presumptions in favor of a subsequent marriage (citations omitted) and; consequently, the presumption in favor of the marriage when a man and a woman act as husband and wife, and that they are innocent of the crime of bigamy prevails over the presumption which favors the continuance in force of a prior marriage." *Id.* at pps. 282–283.

This same issue has been addressed by other courts in social security cases and solved against the presumption of validity of the second marriage. *Dolan v. Celebrezze*, 381 F.2d 231 (2nd Cir.1967); *McGuire v. Califano, supra.* The courts have found that the presumption favoring the second marriage rests "in terms of effectuating a particular public policy such as upholding legitimacy, favoring participation in the decedent's estate of one who lived with him as his spouse, and preserving the validity of a marriage where no strong public policy would be served by doing otherwise." *McGuire v. Califano, supra*, at p. 1035. The Second Circuit found that none of these policies was present in the hearing before the Government agency and that the burden of proof ought to be borne by the applicant. *McGuire v. Califano, supra*, at p. 1035.

■ In the case at bar, all need not decide whether we would go that far, since there is evidence that the agency searched the Court's records in Ponce from 1900–1926 and found no evidence of divorce proceedings filed by Serafin Baez against Angela Morales. (Tr. 198). We are aware that still more evidence could be obtained to corroborate this fact; nevertheless, the rec-

ord, as it now stands, contains substantial evidence in support of the decision of the Secretary.

On the other hand, plaintiff has had ample opportunity to search those other records she claims might have relevant information, but no evidence has been submitted to show that the first marriage was dissolved.

Plaintiff finally appeals to her good faith and the remedial purpose of the statute. We have considered this argument with care; however, the Act is clear: once a "legal" widow according to state law applies for benefits, the "deemed" widow shall stop receiving survivor's insurance benefits. *Woodson v. Schweiker*, 656 F.2d 1169 (5th Cir.1981); *White v. Schweiker*, 709 F.2d 247 (3rd Cir.1983).

For all the above reasons, we find substantial evidence in support of the Secretary's decision, and the same is hereby AFFIRMED. The Clerk shall enter Judgment accordingly.

IT IS SO ORDERED.