Rithie PARKER, Plaintiff-Appellant,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant-Appellee.

No. 89-2342.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 28, 1990.

Decided March 29, 1990.

Saul I. Ruman, David M. Hamacher, Ruman, Clements & Tobin, Hammond, Ind., Sidney Krieger, Skokie, Ill., for plaintiff-appellant.

Andrew B. Baker, Jr., Asst. U.S. Atty., Hammond, Ind., Barbara F. Altman, Office of the General Counsel, Chicago, Ill., for defendant-appellee.

Before BAUER, Chief Judge,
POSNER, and MANION, Circuit Judges.

POSNER, Circuit Judge.

For fifteen years, Rithie Parker has been trying to establish her entitlement to widow's benefits under the Social Security Act. She had married George Parker in 1970, but two years before his death in 1975 he had obtained a decree of divorce in a state court in Indiana, where the couple lived. He obtained the decree by fraud. In support of the petition for divorce he had submitted an affidavit in which he swore that his wife had left the state and that her whereabouts were unknown; in fact, as he well knew, she was living in the marital residence in Indiana. He did not, of course, serve her with a copy of the complaint, or any other pleading in the suit. The only service was by publication in that widely read weekly *Info Inc.* Mrs. Parker did not learn about the suit from that or any other source (illustrating once again that the operative meaning of constructive notice is no notice), and Mr. Parker was therefore granted the divorce by default. When Mrs. Parker learned of the decree, she brought suit in an Indiana state court to have it set aside as fraudulent; but fifteen months later, when her husband died, the suit was dismissed as moot.

The Social Security Administration held that Mrs. Parker was not George Parker's widow, because the divorce decree was not void, but merely voidable. She sought review in federal district court, and in 1983 the court, doubting its power or that of the Social Security Administration to determine the validity of a divorce under state law, remanded the matter to the agency for further consideration. The court suggested in its order of remand that Mrs. Parker reopen the proceeding in state court to set aside the divorce decree and point out to that court that the validity of the decree was germane to her application for social security benefits and therefore had not been rendered moot by George Parker's death after all. *Beavers v. Bess,* 58 Ind. App. 287, 300, 108 N.E. 266, 270 (1915). She did not follow this advice and on remand the Social Security Administration reaffirmed its earlier denial of benefits. She again appealed to the district court, which again affirmed, agreeing with the agency that since the decree was voidable rather than void, it was valid until set aside. 713 F.Supp. 277 (N.D.Ind.1989). At argument the Administration repeated the district court's earlier suggestion that Mrs. Parker try to reopen the seventeen-year-old divorce proceeding.

■ The parties have devoted most of their forensic efforts to debating the question whether the divorce decree was void or voidable. We think this misses the point. The Social Security Act provides that for purposes of the Act an applicant is a widow if the courts of the state (Indiana) in which her alleged husband was domiciled at the

time of his death "would find that such applicant and such insured individual [i.e., the putative husband] were validly married at [such] time." 42 U.S.C. § 416(h)(1)(A). The statute does not say, if they *are* validly married, but instead, if the state courts *would find* that they are validly married. Moreover, section 416(h)(1)(B) describes subsection (A), the subsection applicable here, as including both the case in which the applicant "is" married, in the sense that all relevant papers are in apple-pie order, and the case in which she is "deemed to be" married because the irregularity, such as a divorce decree procured by fraud, is one that the state courts would cure in a suitable proceeding.

The Social Security Administration is required, therefore, to predict whether the Indiana courts would have held that the Parkers were validly married if Mrs. Parker had been or would be allowed to press to completion her suit to set aside the decree as fraudulently procured. *Chlystek v. Califano*, 599 F.2d 1270 (3d Cir.1979); *Cain v. Secretary*, 377 F.2d 55 (4th Cir. 1967); cf. *White v. Harris*, 504 F.Supp. 153, 155 (C.D.Ill.1980). And—this is the novel issue in the case—the Administration cannot shift the burden of ascertaining state law to the applicant by the heartless expedient of forcing her to conduct a lawsuit in state court for the sole purpose of determining her entitlement to federal benefits; the fact that Mrs. Parker is on public assistance makes the suggestion a joke, but an especially unfunny one when we recall that she has been on the receiving end of a bureaucratic runaround for fifteen years now. Of course the Administration cannot grant or rescind a divorce, but that is not the point; it can determine marital status for purposes of entitlement to social security benefits, as *Chlystek* and *Cain* and many other cases (such as *Renshaw v. Heckler*, 787 F.2d 50 (2d Cir.1986), and *Sepulveda v. Secretary*, 570 F.Supp. 1423, 1425 (D.P.R.1983)) hold. What it particularly cannot do, so far as regards this case, is to conscript a state court to serve as a special master for determining entitlements to federal benefits.

If Mrs. Parker had pressed her suit to completion, the divorce decree would have been set aside; of that there is no doubt, for the administrative law judge found that George Parker had procured his divorce by fraud, and we are given no reason to suppose that a state court would have found differently or that having found fraud it would nonetheless have refused to set aside the decree, if only she had satisfied the court that her suit was not moot. The only doubt is whether, unless and until formally set aside, the decree retains any legal force. Let us assume with the Social Security Administration that it does, that in other words it is not void. Then for some purposes the divorce decree is valid. But it is valid only because it has not been set aside, and that is not the sense of validity that matters to entitlement to social security benefits unless the widow is required to bring a state lawsuit in order to establish her entitlement. She is not. Obviously a decree may be immune to certain forms of collateral attack and hence not void, without being "valid" in the substantive sense that it would withstand a collateral attack if one could be brought; otherwise "void" and "voidable" would mean the same thing. Unless the Social Security Act makes entitlements depend on substantive validity, rather than on nonvoidness, persons in Mrs. Parker's position will be required to bring state-court suits for the sole purpose of qualifying for federal benefits. That would be an affront to federalism as well as an unneeded and unwanted expense to persons often of limited monetary means and legal sophistication. It is not, we think, what Congress had in mind in making state law determinative of entitlement to widow's benefits, or what it said in requiring the Social Security Administration to determine whether a state court would find that the applicant had been married or in other words would deem the applicant married despite an irregularity in the marriage's chain of title.

■ Therefore, the validity of a marriage for purposes of the Social Security Act depends not on the contents of an ex parte order by a state trial court, but on what the highest court of the state would do with that order

if it were challenged by the method provided by the state for such challenges. *Cain v. Secretary, supra; Orr v. Bowen,* 648 F.Supp. 1510 (D.Nev.1986); *McGuire v. Califano,* 440 F.Supp. 1031, 1034–35 (D.Neb.1977). The required finding is hypothetical. The applicant is not required to institute state court proceedings, and by the same token should not be penalized if as here the proceedings are instituted, but abandoned before completion.

The judgment is reversed and the Social Security Administration is instructed to grant the application for widow's benefits.