**Michael K. COX, Plaintiff,**

v.

**Patricia Roberts HARRIS, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 79–63–ATH.**

United States District Court, M. D. Georgia, Macon Division.

March 19, 1980.

John W. Timmons, Jr., Galis, Timmons & Quarterman, Athens, Ga., for plaintiff.

D. L. Rampey, Jr., U.S. Atty., S. Elizabeth Conlin, Asst. U.S. Atty., M.D. Georgia, Macon, Ga., for defendant.

OWENS, District Judge:

Carrie J. Cox filed an application on behalf of Michael K. Cox for child's insurance benefits pursuant to 42 U.S.C.A. § 402(d). The claim has been denied by the Secretary, with such denial being upheld on appeal before an administrative law judge. Plaintiff now appeals to this court pursuant to 42 U.S.C.A. § 405(g); the court's review authority is limited to determining whether substantial evidence exists on the record to support the Secretary's decision.

The administrative law judge found that the plaintiff was not a child of the deceased

**20.** 15 U.S.C. § 2072 (1979 Supp.) (suits for damages by injured persons).

within the meaning of the Social Security Act. The administrative law judge found that evidence in fact showed the plaintiff to be the son of the deceased wage earner but found further that the second requirement under the "child" provision—that the wage earner had been living with or contributing to the claimant's support at the time of the wage earner's death—was specifically refuted by the evidence. [42 U.S.C. § 402(d)(1)(C).] The court concludes that the Secretary correctly applied the facts to the law and that his decision is supported by substantial evidence.

Plaintiff also challenges the statutory interpretation of 42 U.S.C.A. § 416(h)(2)(A) which provides in part: "In determining whether an applicant is the child . . . of a fully . . . insured individual . . the Secretary shall apply such law as would be applied in determining the devolution of intestate personal property . . . by the courts of the State in which such insured individual is domiciled at the time of his death . . . ." Since the deceased wage earner in this action was domiciled in Georgia at the time of his death, Georgia Code Ann. § 113–904, "Inheritance by and from bastards," [1] is the state law applicable for purposes of 42 U.S.C.A. § 416(h)(2)(A). Plaintiff argues that the state statutory language is unconstitutional under *Trimble v. Gordon*, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977); therefore, plaintiff is a "child" within the meaning of § 402(d) and entitled to fully enjoy the child's benefits provisions.

■ Plaintiff's argument that a decision by the court finding Ga.Code Ann. § 113–904 unconstitutional would automatically result in an award of child's benefits is misplaced. The Supreme Court in *Mathews v. Lucas*, 427 U.S. 495, 96 S.Ct. 2755, 49 L.Ed.2d 651 (1976), clearly and succinctly summarized the requirements necessary under the Act to establish a claim for child's benefits:

In operative terms, the Act provides that an unmarried son or daughter of an individual, who died fully or currently insured under the Act, may apply for and be entitled to a survivor's benefit, if the applicant is under 18 years of age at the time of application (or is a full-time student and under 22 years of age) and was dependent, within the meaning of the statute, at the time of the parent's death.[1] A child is considered dependent for this purpose if the insured father was living with or contributing to the child's support at the time of death. Certain children, however, are relieved of the burden of such individualized proof of dependency. Unless the child has been adopted by some other individual, a child who is legitimate, or a child who would be entitled to inherit personal property from the insured parent's estate under the applicable state intestacy law, is considered to have been dependent at the time of the parent's death.[2] Even lacking this relationship under state law, a child, unless adopted by some other individual, is entitled to a presumption of dependency if the decedent, before death, (a) had gone through a marriage ceremony with the other parent, resulting in a purported marriage between them which, but for a nonobvious legal defect, would have been valid, or (b) in writing had acknowledged the child to be his, or (c) had been decreed by a court to be the child's father, or (d) had been ordered by a court to support the child because the child was his.[3]

(footnotes omitted), Id. at 498–99, 96 S.Ct. 2755, at 2758, 49 L.Ed.2d 651, at 656–57.

■ The plaintiff would now allege that a finding that Georgia Code Ann. § 113–904

---

1. Georgia Code Ann. § 113–904 provides in part: "Bastards have no inheritable blood, except that given to them by express law. . . ." The express provisions, §§ 74–101 and 74–103 provide procedures whereby an illegitimate child may be legitimated.

Georgia Code Ann. § 74–101 provides in part: "The marriage of the mother and reputed father of an illegitimate child, and the recognition of such child as his, shall render the child legitimate . . . ."

Georgia Code Ann. § 74–103 provides: "A father of an illegitimate child may render the same legitimate by petitioning the superior court of the county of his residence . . . ."

is unconstitutional will relieve her duty to show that the child was in fact dependent upon the wage earner at the time of the wage earner's death. The court does not agree.

The right of illegitimate children to inherit by intestate succession has been a source of judicial anxiety during the last decade. The Supreme Court of the United States has had the opportunity to express its views concerning discrimination of illegitimates in *Labine v. Vincent*, 401 U.S. 532, 91 S.Ct. 1017, 28 L.Ed.2d 288 (1971); *Weber v. Aetna Casualty & Surety Co.*, 406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972); *Mathews v. Lucas, supra* ; *Trimble v. Gordon*, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977); and *Lalli v. Lalli*, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978).

As it concerns the constitutionality of Georgia's intestacy statute, the court need only concern itself with the two latest pronouncements handed down by the Court. In *Trimble*, the majority concluded that illegitimate children were discriminated against under Illinois law in a manner prohibited by the Equal Protection Clause; therefore, they were entitled to inherit from their natural father. The standard used by the Court was neither one of "strict scrutiny," the Court's most exacting standard, nor was it the traditional rational basis standard; instead, the Court chose to adopt a middle-tier standard to invalidate under the Fourteenth Amendment those classifications not substantially related to permissible state interests. *Lucas, supra*, 427 U.S. at 510, 96 S.Ct. at 2764, 49 L.Ed.2d at 664. The Court in *Trimble* thus found the Illinois statute requiring an illegitimate child to prove entitlement under the inheritance laws by showing both an acknowledgement by the father *and* the marriage of the parents unconstitutional in its application, *supra*, 430 U.S. 762 at 771, 97 S.Ct. 1459 at 1465, 52 L.Ed.2d 31. The Court concluded that Illinois' decision to exceptionally burden illegitimate children to provide orderly settlement of estates or the dependability of titles to property passing under intestacy laws must "[be more] carefully tuned to alternative considerations,"

*id.*, 762 at 772, 97 S.Ct. 1459 at 1466, 52 L.Ed.2d 31, quoting *Mathews v. Lucas, supra*, 427 U.S. 495 at 513, 96 S.Ct. 2755 at 2766, 49 L.Ed.2d 651.

Two terms later, in *Lalli v. Lalli*, a plurality opinion by the Court limited the effect of *Trimble* by further defining its "[more] carefully tuned to alternative considerations" language. At issue in *Lalli* was the constitutionality of the New York intestacy statute which allowed an illegitimate child to inherit from his father if, during the lifetime of the father, a court of competent jurisdiction made an order of filiation declaring paternity in a proceeding instituted during the pregnancy of the mother or within two years from the birth of the child. 1965 N.Y.Laws, ch. 958, § 1. The Court reasoned that the combination of requirements eliminating "the possibility of a middle ground between the extremes of complete exclusion and case-by-case determination of paternity" which was found to be fatal in *Trimble*, was not found here, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503. The Court found that New York had made marriage irrelevant; thus that statute was substantially related to the important state interests the statute is intended to promote.

In applying the reasoning of the Supreme Court to the instant case, the court can perceive no substantial difference between the New York statute and Georgia's own intestacy statute. The Georgia statute, like New York's, does not preclude the middle ground to which the Court referred in *Trimble*. Furthermore, by incorporating legitimation by marriage of the parents into the intestacy statute in its disjunctive sense, the burden which an illegitimate child must overcome is one less stringent than the standard promulgated in New York.

█ Finally, the court notes that plaintiff's attempts to distinguish the New York and Georgia statutes are without merit. First, plaintiff contends that under New York law a child need not be legitimated in order to inherit from his father. This is patently an incorrect interpretation; the

New York filiation law provides that "[a]n illegitimate child *is* the legitimate child of his father so that he and his issue inherit from his father . . . ." A petition by the father, under Georgia law, serves the same end for purposes of the inheritance statutes. Likewise, plaintiff's argument that *Lalli* is only a plurality opinion does not sway the court for it is clear that a majority of the Court favor the constitutionality of the New York statute. (Two of the Justices would, however, in upholding the statute, overrule *Trimble*.) Based upon *Lalli*, the court finds that the Georgia statute is constitutionally firm.

The court must then determine whether the Social Security Act's deemed dependency presumptions are constitutionally tailored in accordance with Congress's calculations of the likelihood of actual support. Following the Supreme Court's pronouncement in *Lucas, supra*, the court is persuaded by language in *Lucas* that holds:

> "[I]n failing to extend any presumption of dependency to appellees and others like them, the Act does not impermissibly discriminate against them as compared with legitimate children or those illegitimate children who are statutorily deemed dependent." *Id.*, 427 U.S. 495 at 516, 96 S.Ct. 2755 at 2767, 49 L.Ed.2d 651.

The decision in *Lucas*, questionably mooted by *Trimble* but restored and reaffirmed by *Lalli*, validates dependency presumptions promulgated by Congress and in light of this court's ruling that the Georgia intestacy statute is constitutionally sound, presents to the court the same questions of law;[2] *Lucas* is therefore controlling.

The court thus concludes that plaintiff's attack on the constitutionality of 42 U.S.C. §§ 402(d)(1) and 416(h)(2)(A) is without merit, and rules further that the deci-

sion of the Secretary finding plaintiff not to be entitled to recover under the Act is supported by substantial evidence. The decision of the Secretary is accordingly affirmed.

---

**2.** The Court in *Lucas*, n. 18, reserved the question of eligibility of benefits when a state intestacy law is constitutionally infirm. The Court intimated in footnote 18 that a claimant would be eligible for benefits in such a situation, stating: "Appellees do not suggest, and we are unwilling to assume, that discrimination against children in appellee's class in state intestacy laws is constitutionally prohibited, *see Labine v. Vincent*, 401 U.S. 532, 91 S.Ct. 1017, 28 L.Ed.2d 288 (1971), in which case appellees would be made eligible for benefits under § 216(h)(2)(A)." 427 U.S. 495 at 515, 96 S.Ct. 2755 at 2767, 49 L.Ed.2d 651 at 667. In the instant case, the Georgia intestacy law has been upheld as constitutionally sound, therefore, the posture of the case falls squarely within the holding of *Lucas*. This court is not now faced with the question outlined in footnote 18, *Lucas*.