**Linda K. WHITE, on behalf of Stacy L. White, a Minor, Plaintiff,**

v.

**Patricia Roberts HARRIS, Secretary of Health and Human Services, Defendant.**

No. 79–3281.

United States District Court,
C. D. Illinois,
Springfield Division.

Oct. 9, 1980.

Jonathan H. Barnard, Schmiedeskamp, Robertson, House, Neu & Mitchell, Quincy, Ill., for plaintiff.

Gerald D. Fines, U. S. Atty., John H. Germeraad, Asst. U. S. Atty., Springfield, Ill., for defendant.

**154**

## MEMORANDUM OPINION

### J. WALDO ACKERMAN, District Judge.

Plaintiff seeks by this action judicial review of the denial of child's insurance benefits to her daughter by the Department of Health and Human Services. Plaintiff's application for benefits was based on the wage record of Michael Ellis, who died fully insured on May 23, 1977. Plaintiff contends that Ellis was the father of her daughter who was born on October 10, 1974. Plaintiff and the deceased never married, the deceased never acknowledged in writing that he was the child's father, and no court ever declared him to be the father or ordered him to pay child support. Ellis never lived with plaintiff and her daughter, and although he gave occasional gifts to the child, he did not contribute substantially to her support.[1] Plaintiff testified at the hearing that she did not take the deceased to court to procure support for the child. Record of Proceedings (hereinafter R.) at 43. The deceased, however, did verbally acknowledge that the child was his daughter. The evidence presented at the administrative hearing led the Administrative Law Judge (ALJ) to conclude that "the late wage earner was indeed the father of the child." R. at 27. However, because the child failed to meet the eligibility requirements imposed on illegitimates by 42 U.S.C. § 416(h)(2)(A)[2] or 42 U.S.C. § 416(h)(3)(C),[3] the ALJ denied her application for benefits.

■ To be eligible for survivor's benefits, an applicant must be the child of the deceased, meet certain age requirements, and must have been dependent on the insured at the time of his death. 42 U.S.C. § 402(d)(1). In determining whether an applicant is the child of the deceased insured, the Secretary must examine the state intestacy law of the state in which the deceased was domiciled at the time of his death. *See,* note 2, *supra.* If an illegitimate child is capable of inheriting from the deceased parent under state law, that child is then deemed to be the child of the deceased. Under these circumstances, a statutory presumption of dependency arises, and the child is entitled to receive benefits without any showing that he is in fact dependent on the deceased parent. *Mathews v. Lucas,* 427 U.S. 495, 499, 96 S.Ct. 2755, 2759, 49 L.Ed.2d 651 (1976). *See also, Jiminez v. Weinberger,* 417 U.S. 628, 635–36, 94 S.Ct. 2496, 2501–02, 41 L.Ed.2d 363 (1974).

■ The Secretary determined that plaintiff failed to establish entitlement to benefits under any of the applicable eligibility tests. Because the deceased was domi-

---

1. Accordingly, plaintiff's daughter could not qualify for benefits under 42 U.S.C. § 416(h)(3)(C) which provides that an illegitimate child who would not be allowed to inherit under the intestate laws of the state where the deceased was domiciled, shall nevertheless be deemed to be the child of the insured individual if

   (i) such insured individual
   (I) had acknowledged in writing that the applicant is his son or daughter,
   (II) had been decreed by a court to be the father of the applicant, or
   (III) had been ordered by a court to contribute to the support of the applicant because the applicant was his son or daughter,
   and such acknowledgement, court decree or court order was made before the death of such insured individual, or
   (ii) such insured individual is shown by evidence satisfactory to the Secretary to have been the father of the applicant, and such insured individual was living with or contributing to the support of the applicant at the time such insured individual died.

Although plaintiff qualified under the first part of subsection (ii), she could not satisfy the second part.

2. 42 U.S.C. § 416(h)(2)(A) provides as follows:
   In determining whether an applicant is the child or parent of a fully or currently insured individual for purposes of this subchapter, the Secretary shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual is domiciled at the time such applicant files application, or, if such insured individual is dead, by the courts of the State in which he was domiciled at the time of his death, or, if such insured individual is or was not so domiciled in any State, by the courts of the District of Columbia. Applicants who according to such law would have the same status relative to taking intestate personal property as a child or parent shall be deemed such.

3. See note 1, *supra.*

ciled in Missouri at the time of his death, the Secretary had to examine the Missouri intestate laws to determine if plaintiff would be entitled to inherit from the deceased. The Government points out in its memorandum in support of its motion for summary affirmance that under Missouri law, an illegitimate child can inherit only through his mother. The applicable section is Mo.Rev.Stat. § 474.060 (1978) which provides as follows: "Illegitimate children are capable of inheriting and transmitting inheritance on the part of their mother, and a mother may inherit from her illegitimate children, in like manner as if they had been lawfully begotten of her." Furthermore, an illegitimate may inherit from his father only if the parents intermarry and the father recognizes the child to be his. Mo.Rev. Stat. § 474.070 (1978).[4] In that situation, of course, the child is no longer illegitimate.

What both the Government and plaintiff's attorney neglected to point out is that this statute clearly is unconstitutional.[5] In *Trimble v. Gordon*, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), the Supreme Court held unconstitutional § 12 of the Illinois Probate Act, virtually identical to the statutes involved here, which allowed illegitimate children to inherit by intestate succession only from their mothers. That statute also provided that "a child who was illegitimate whose parents inter–marry and

who is acknowledged by the father as the father's child is legitimate." The Court held that the total statutory disinheritance of illegitimate children whose fathers die intestate was not rationally related to the promotion of a legitimate state interest. The Court objected to the requirement of intermarriage as an absolute precondition to inheritance.

> Imposing disabilities on the illegitimate child is contrary to the basic concept of our system that legal burdens should bear some relationship to individual responsibility or wrongdoing. Obviously, no child is responsible for his birth and penalizing the illegitimate child is an ineffectual–as well as unjust–way of deterring the parent. (Citations omitted.) The parents have the ability to conform their conduct to societal norms, but their illegitimate children can affect neither their parents' conduct nor their own status.

*Id.*, at 769–70, 97 S.Ct., at 1464–65.

Accordingly, I find that if the Missouri Supreme Court were faced with this issue today, it would find its Probate Act unconstitutional in light of *Trimble v. Gordon.* Consequently, I find Stacy L. White entitled to Social Security benefits as a child of the deceased wage earner, Michael Ellis. *Accord, Ramon v. Califano*, 493 F.Supp. 158 (W.D.Tex.1980).[6]

---

**4.** At one time, Missouri statutes allowed an illegitimate child and his unwed father to inherit from each other if paternity was established by a court action. 1921 Mo.Laws § 311. However, in 1928 that statute was held unconstitutional because the title of the statute failed to reveal its contents. The legislature neglected to correct its error in the revised statutes of 1929 and all language of father–child inheritance rights was eliminated. Mo.Rev.Stat. § 314 (1929). The current Missouri statute on illegitimacy and inheritance is substantially the same as that passed in 1822. *See*, Note, *Parental Rights of Unwed Fathers*, 23 St.Louis L.J. 715 (1979).

**5.** The Government was allowed to file instanter its motion for summary affirmance and memorandum in support thereof on July 30, 1980. Local Rule 12(b) directs any party opposing a motion to file its response with supporting memorandum within eight days of service when served by mail. Plaintiff's counsel did not respond to the Government's motion. Nei-

ther did he raise in his complaint the unconstitutionality of the Missouri statute. Such conduct places the burden of representing the plaintiff on the Court, a role which this Court hesitates to assume. It is also disturbing that the Secretary failed to bring the *Trimble v. Gordon* decision to the attention of this Court. Under the ABA Code of Professional Responsibility, Canon 7, EC 7–23 (1978), every lawyer has the duty to inform the Court of authority adverse to the position of his client. It seems incredible that the Secretary was unaware that there was a serious question whether the Missouri statute was unconstitutional under *Trimble v. Gordon*. In the interests of justice, however, I have decided the case on the basis of the law as I find it and not as it was presented to me.

**6.** The Supreme Court in *Lalli v. Lalli*, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978), upheld the constitutionality of a New York intestacy statute which allowed an illegitimate child to

Therefore, it is ordered that the decision of the Secretary denying the claim of Stacy L. White is hereby reversed, and summary judgment is entered in plaintiff's favor.

inherit from his father if, during his father's lifetime, a court of competent jurisdiction made an order of filiation declaring paternity in a proceeding instituted during the pregnancy of the mother or within two years of the birth of the child. Since marital status was irrelevant, i. e. the child could inherit from the father without the intermarriage of his parents, the statute was substantially related to the state interests it was intended to promote. *Accord, Cox v. Harris*, 486 F.Supp. 219 (M.D.Ga.1980). However, the Missouri statute here preconditions inheritance upon the intermarriage of the illegitimate's parents and acknowledgment thereafter by the father. The statute clearly is unconstitutional.