In the

# United States Court of Appeals
### For the Seventh Circuit

———————

No. 03-4149

NANCY E. TORRY,

*Plaintiff-Appellant*,

*v.*

NORTHROP GRUMMAN CORPORATION,

*Defendant-Appellee*.

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 C 7288—**Charles R. Norgle**, *Judge*.

———————

ARGUED JANUARY 26, 2005—DECIDED MARCH 4, 2005

———————

Before POSNER, MANION, and WOOD, *Circuit Judges*.

POSNER, *Circuit Judge*.    Nancy Torry filed this suit against her employer alleging a violation only of the Age Discrimination in Employment Act; although the charge she had filed with the EEOC had also alleged racial discrimination (she is black), the complaint in her court suit did not mention race. During years of pretrial proceedings, however, it quickly became apparent that she was seeking a remedy for racial discrimination, in violation of Title VII of the Civil Rights Act of 1964, as well as for age discrimination. Her brief in opposition to

Northrop Grumman's motion for summary judgment was explicit on this score, and Northrop Grumman never doubted that Title VII was in the case. But Torry's lawyer never moved to amend the complaint to add a Title VII charge, and Northrop argued that the failure to amend was fatal and barred a claim of racial discrimination. The judge disagreed and went on to consider the merits of both the age discrimination and racial discrimination charges. He ruled in favor of Northrop Grumman on both claims; but the defendant, while defending the judge's ruling on the merits, also insists that he should never have reached the merits of the racial claim.

The courts typically resolve such disputes by invoking the doctrine of "constructive amendment" (of a complaint). E.g., *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 829 n. 1 (2002); *Bennett v. Roberts*, 295 F.3d 687, 699 (7th Cir. 2002); *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1357 n. 1 (Fed. Cir. 2004); *Green Country Food Market, Inc. v. Bottling Group, LLC*, 371 F.3d 1275, 1278 (10th Cir. 2004); *City of Rome v. Verizon Communications, Inc.*, 362 F.3d 168, 181-82 (2d Cir. 2004). A typical formulation of the doctrine is that "parties may constructively amend the complaint by agreeing, even implicitly, to litigate fully an issue not raised in the original pleadings." *Stemler v. City of Florence*, 126 F.3d 856, 872 (6th Cir. 1997). It is said to be "a judicially created doctrine that courts have extrapolated from the language of Federal Rule of Civil Procedure 15(b)." *City of Rome v. Verizon Communications, Inc.*, *supra*, 362 F.3d at 181.

The word "constructive" is a common legal term of art, but it should be avoided wherever possible. The operative meaning of "constructive" in law is, as our cases have stressed, "no," *Eckstein v. Balcor Film Investors*, 58 F.3d 1162,

1168 (7th Cir. 1995); *Parker v. Sullivan*, 898 F.2d 578, 579 (7th Cir. 1990); *Shacket v. Philko Aviation, Inc.*, 841 F.2d 166, 171 (7th Cir. 1988), and how helpful can it be to have a "no amendment" doctrine? Cf. *Astor v. Wells*, 17 U.S. (4 Wheat.) 466, 477-79 (1819). When a court says that the defendant received "constructive notice" of the plaintiff's suit, it means that he didn't receive notice but we'll pretend he did; and when a court says that the defendant had "constructive possession" of a gun, it means that he didn't possess it but we'll pretend he did. How much more illuminating it would be if the court said that notice isn't always required to make a person suable, or that possession of a gun isn't always required to make a person guilty of a gun offense. And coming to the present case, how helpful can it be to say that we'll pretend a plaintiff has amended his complaint when he hasn't?

Of all "constructive" doctrines, that of "constructive amendment" may be the most otiose, because the ground that it traverses is fully and clearly occupied by Fed. R. Civ. P. 15(b), which provides in language that could not be clearer that "when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." In other words, provided the issue that wasn't in the complaint—in this case, the issue of racial discrimination—was tried (or, in this case, pretried, *Ryan v. Illinois Dept. of Children & Family Servs.*, 185 F.3d 751, 763 (7th Cir. 1999); *Kulkarni v. Alexander*, 662 F.2d 758, 762 (D.C. Cir. 1978); but cf. *Independent Petroleum Ass'n v. Babbitt*, 235 F.3d 588, 596 (D.C. Cir. 2001)), without objection by either party, it doesn't matter that it wasn't mentioned in the complaint.

The doctrine is a throwback to the days before the Federal Rules of Civil Procedure, promulgated in 1938 (so it is a

pretty long throwback), demoted the complaint in federal civil litigation from its queenly role. The rules contemplate that the complaint will be superseded by pretrial orders (see Rule 16(e)), which among other things will define the issues for adjudication. Rule 15(b) is another supersession rule. When issues not mentioned in the complaint (whether originally or by amendment) are nevertheless litigated with the consent of the parties, the complaint is not "constructively amended"; it is simply an irrelevance so far as those issues are concerned.

Were there any doubt about the meaning of Rule 15(b), it would be dispelled by the sentence that follows the one we quoted from the rule: "Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; *but failure so to amend does not affect the result of the trial of these issues*" (emphasis added). The words that we have italicized show that Northrop Grumman's insistence that the plaintiff had to amend the complaint to add a charge of racial discrimination is frivolous. A party—in this case, ironically, Northrop Grumman—might want to have the complaint amended after judgment (and notice from the language of the rule that "any party," including therefore the defendant, e.g., *Rissman v. Rissman*, 229 F.3d 586, 588 (7th Cir. 2000), *H.B. Fuller Co. v. Kinetic Systems, Inc.*, 932 F.2d 681, 685-86 (7th Cir. 1991), can make the motion) in order to simplify proof of res judicata or collateral estoppel; in a subsequent case the defendant could point to the complaint to indicate the scope of the judgment dismissing it. *First National Bank v. Continental Illinois National Bank & Trust Co.*, 933 F.2d 466, 468 (7th Cir. 1991); *Federal Savings & Loan Ins. Corp. v. Hogan*, 476 F.2d 1182, 1187 (7th Cir. 1973). But that option has nothing to do with whether a complaint

*must* be amended to conform to the issues litigated; there is no must.

So the question is simply whether the issue of racial discrimination was (pre)tried by implied consent of the parties (for there was never express consent). The answer is that it was. The defendant went through four years of discovery and other pretrial maneuverings without objecting to the fact that its opponent was patently engaged in endeavoring to prove racial as well as age discrimination. No more was required to satisfy Rule 15(b). No occasion for use of the term "constructive amendment" arises, either in this case or, so far as we can see, in any other.

Despite wasting our time with a bad argument, Northrop Grumman is entitled to prevail on this appeal. The plaintiff's claim of discrimination has no merit. She was laid off in a RIF, and she does not question the bona fides of the RIF. Her argument is that she should have been allowed to bump junior employees and thus retain her job. She relies heavily on a handbook distributed to all of the defendant's employees that creates bumping rights without need to apply for the job one wants to be bumped into. But the handbook contains an express disclaimer of the applicability of these bumping rights to hourly workers at the particular plant at which she worked. She made no application—which also scotches her claim that a younger white worker was given a discriminatory preference over her by being offered another job when he was bumped; he had applied for the job.

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*