In the

# United States Court of Appeals
## For the Seventh Circuit

No. 05-3858

PAUL SELLARS, SR.,

*Plaintiff-Appellant,*

*v.*

CITY OF GARY, GARY FIRE DEPARTMENT,
ROBERT WALKER, in his individual and
official capacity, and JANSEN ROLLINS,
in his individual and official capacity,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 2:04-CV-335—**James T. Moody**, *Judge.*

ARGUED JUNE 6, 2006—DECIDED JULY 7, 2006

Before FLAUM, *Chief Judge,* and POSNER and KANNE,
*Circuit Judges.*

FLAUM, *Chief Judge.* Pursuant to a prior settlement
agreement between the plaintiff, Paul Sellars, Sr., and the
City of Gary, Sellars is entitled to a Gary Firefighter
Service Pension. On June 20, 2003, Sellars turned fifty
years old. Soon after, he applied for and was granted early
receipt of his pension benefits. In addition, Sellars re-
quested health care benefits from the City. The defendants
denied his request for health care benefits. As a result,

Sellars sued the City, alleging that his rights under the Equal Protection Clause of the Fourteenth Amendment were violated and that the City breached the original settlement agreement by denying him health care benefits. The district court granted summary judgment for the City on both the equal protection claim and the breach of contract claim. Sellars appeals. For the following reasons, we now affirm the judgment of the district court.

## I. Background

Beginning on August 21, 1974, the defendants, the City of Gary and the Gary Fire Department ("Gary"), employed the plaintiff, Paul Sellars, Sr., as a firefighter. Following his separation from employment with Gary in 1991, Sellars filed suit against his former employer. A settlement agreement between Sellars and Gary designated April 1, 1997, as Sellars' retirement date. The settlement agreement also provided that "Sellars shall be entitled to a Gary Firefighter Service Pension."

Although retirees were permitted to participate in Gary's health insurance plan in 1997, these retirees paid full price for their insurance. A new Collective Bargaining Agreement ("CBA") between Gary and the Firefighters' Union became effective in 2003. Article 33 of this CBA offered discounted health insurance coverage to retirees who elect to participate in the health care plan within 90 days of their retirement.

Sellars turned fifty years old on June 20, 2003. He claims that in July 2003, he applied for early receipt of his pension benefits and requested health insurance benefits from Gary Pension Board Secretary Jansen Rollins. After receiving no response from Gary, on January 9, 2004, Sellars sent a letter through his attorney formally requesting health benefits. Gary denied this request, claiming that the parties did not include health insurance in the 1997 settlement

agreement. In addition, Gary claimed that even if Sellars was eligible, he failed to make a timely request for coverage.

On August 11, 2004, Sellars filed this complaint, claiming Gary violated his equal protection rights under 42 U.S.C. § 1983. In addition, Sellars filed a pendent claim for breach of contract under Indiana law. On August 26, 2005, the district court granted Gary's motion for summary judgment on both the equal protection and breach of contract claims. Sellars now appeals.

## II. Discussion

This Court reviews a district court's grant of summary judgment de novo, considering all facts in the light most favorable to the non-moving party (Sellars). Summary judgment is inappropriate if there is a genuine issue of material fact. *See McCoy v. Harrison*, 341 F.3d 600, 604 (7th Cir. 2003). To survive summary judgment, the non-moving party must make a sufficient showing of evidence for each essential element of its case on which it bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## A. Equal Protection

Sellars' equal protection claim alleges that Gary treated him differently from other similarly situated individuals because he pursued an earlier civil rights action against the City. A plaintiff may allege an equal protection class-of-one violation when discrimination or unequal treatment is not based on membership in a particular class or group. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) ("Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others

similarly situated and that there is no rational basis for the difference in treatment." (citations omitted)).

The first element a plaintiff must prove in establishing a class-of-one equal protection claim is the existence of similarly situated individuals. To prove that other persons are similarly situated, a plaintiff must demonstrate that such "individuals were identical to him in all relevant respects." *Levenstein v. Salafsky*, 414 F.3d 767, 776 (7th Cir. 2005) (citing *Grayson v. O'Neill*, 308 F.3d 808, 819 (7th Cir. 2002)). "It is clear that similarly situated individuals must be very similar indeed." *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1002 (7th Cir. 2004) (citing *Purze v. Vill. of Winthrop Harbor*, 286 F.3d 452, 455 (7th Cir. 2002) (holding that in order to be considered "similarly situated," comparators must be "prima facie identical in all relevant respects")). The district court found that Sellars did not meet his "burden to demonstrate that he was treated differently than similarly situated employees."

The record indicates that six employees who retired between December 31, 2004, and January 13, 2005, were given a "Retirement Checklist" which asked, "Do you wish to continue the City Health Plan?" Sellars did not receive a similar form. The six employees in question were members of the Gary Fire Department during the period of Sellars' employment and requested the health insurance benefits he desires.

Sellars claims he is similarly situated to the six form recipients. The flaw in Sellars' argument is his failure to demonstrate that this checklist was used on April 1, 1997, his "retirement date," in July 2003, or even on January 9, 2004, when he formally requested benefits. The district court suggested that Sellars could have proven the existence of similarly situated individuals by showing "some firefighter (perhaps a police or some other public employee would also suffice) who retired before or near the time

Sellars did, was either offered the checklist or, several years later, requested commencement of pension and health insurance benefits and had health insurance benefits granted." Sellars has provided no such evidence.

Sellars argues that he has been treated differently than the six retirees who received the checklist because they were given "some means to secure [their] benefits" and he was not. This does not, however, establish a prima facie case that these individuals were similarly situated or directly comparable to Sellars in all material respects. In addition to other differences between Sellars and the other retirees, two distinctions are obvious on the face of the forms: Sellars' official date of retirement and the checklist recipients' date of retirement vary greatly, and the forms in the record ask if the retirees wish to *continue* coverage that Sellars was not receiving. The differences in timing and conditions between Sellars and the six form recipients are material.[1]

To prove his class-of-one discrimination claim, Sellars was required to make out a prima facie case. Without evidence of at least one similarly situated employee, Sellars has failed to show that any disparate treatment he may have suffered was improper. *Racine Charter One, Inc. v. Racine Unified Sch. Dist.*, 424 F.3d 677, 681-83 (7th Cir. 2005); *Bell v. Duperrault*, 367 F.3d 703, 707 (7th Cir. 2004) ("Unfortunately for [the plaintiff], his argument fails because he has not shown that others were actually similarly situated."). Thus, our analysis of Sellars' equal protection claim ends

---

[1] Questions regarding other possible differences also remain, such as whether the six form recipients retired under normal conditions, early, or pursuant to a settlement or other special circumstances. In any event, further possible distinctions between Sellars and the six form recipients would not alter the outcome of this case.

and we affirm the district court's grant of summary judgment for the Gary Fire Department on this issue.[2]

## B. Breach of Contract

In addition to his equal protection claim, Sellars alleged that the defendants breached the terms of the settlement agreement by refusing to include him in their health insurance plan. He claims that the settlement agreement's language, which entitles Sellars to a "Gary Firefighter Service Pension," necessarily includes health insurance benefits. The settlement agreement, however, makes no mention of these benefits.

Pendent jurisdiction is discretionary and governed by 28 U.S.C. § 1367(a). "[A] district court should consider and weigh the factors of judicial economy, convenience, fairness and comity in deciding whether to exercise jurisdiction over pendent state-law claims." *Wright v. Associated Ins. Co.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). "If the district court, in deciding a federal claim, decides an issue dispositive of a pendent claim, there is no use leaving the latter to the state court." *Rothman v. Emory Univ.,* 123 F.3d 446, 454 (7th Cir. 1997) (quoting *Wright*, 29 F.3d at 1251).

---

[2] Both parties devote a portion of their briefs to the question of exactly what a plaintiff must demonstrate to support the second element of a prima facie class-of-one equal protection claim. *See Ind. Land Co. v. City of Greenwood*, 378 F.3d 705 (7th Cir. 2004); *Tuffendsam v. Dearborn County Bd. of Health*, 385 F.3d 1124 (7th Cir. 2004); *Racine Charter One, Inc.*, 424 F.3d 677. As we have resolved this case based upon the first element, we need not address the second.

We review a district court's decision to exercise pendent jurisdiction for abuse of discretion. *See Landstrom v. Ill. Dep't of Children and Family Servs.*, 892 F.2d 670, 679 (7th Cir. 1990).

Judicial economy and convenience both support the district court's decision to exercise pendent jurisdiction. The district court's opinion demonstrates that its analysis of the equal protection claim was intertwined with an analysis of the definition of the "Gary Firefighter Service Pension Plan," which Sellars is entitled to as a result of his settlement agreement. There is no reason why another court should be required to examine these same issues. *See Rothman*, 123 F.3d at 454.

In addition, no questions of fairness are implicated by the district court's decision to retain jurisdiction. There was a significant amount of time for discovery in this case, Sellars had an opportunity to present evidence of the City's alleged breach, and Sellars points to no evidence in the record that his claim was unfairly evaluated by the district court or that a state court would have provided him a better opportunity to plead his case.

Finally, as to the issue of comity, the district court was not asked to address complex questions of state law. Where "the correct disposition of the claim is 'so clear as a matter of state law that it can be determined without further trial proceedings and without entanglement with any difficult issues of state law,'" there is no need for a federal court to relinquish jurisdiction on the basis of comity. *Wright*, 29 F.3d at 1252 (quoting *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1182 (7th Cir. 1993)). Here, the district court only needed to review unambiguous contractual language. In so doing, the federal court did not invade the province of the state judiciary.

Sellars argues in the alternative, that if this Court does find pendent jurisdiction acceptable, that the proper interpretation of the words "Gary Firefighter Service

Pension" in the Settlement Agreement entitles him to "any and all benefits associated with said pension." Sellars claims that at a minimum, the Settlement Agreement was ambiguous and could be interpreted to mean all pension benefits including health insurance. Under Indiana law, a contract is ambiguous "only where reasonable people could find its terms susceptible to more than one interpretation." *Ethyl Corp. v. Forcum-Lannom Assocs., Inc.*, 433 N.E.2d 1214, 1217-18 (Ind. App. 1982) (citations omitted).

The plain language of Sellars' settlement agreement did not include health insurance benefits. The agreement gives no indication of an intent to include any benefits in addition to the pension.

Furthermore, even were we to find the settlement agreement ambiguous, Sellars failed to make a timely request for benefits. The district court quoted a paragraph of the "City of Gary, Indiana Employee Health Care Plan," which governs the benefits Sellars alleges he is due. This paragraph states:

> Retired sworn Firefighters & Police Officers, who are members of the City of Gary Fire or Police pension fund, are eligible to continue coverage under The City of Gary Health Care Plan for only the persons insured at the time of retirement. . . . The decision to continue the plan must be made on or before the date of retirement, otherwise coverage(s) will be terminated and cannot be reinstated.

It is undisputed that Sellars' date of retirement was April 1, 1997. He did not request health benefits at that time, nor has he shown that he was insured under the City of Gary Health Plan on that date. Sellars first requested health insurance benefits on January 9, 2004, only after a discounted plan was offered to retirees who were already participating in the plan. Under the requirements of the "City of Gary, Indiana Employee Health Care Plan" or the

2003 Collective Bargaining Agreement, which allowed retirees to elect participate in the health care plan within 90 days of retirement, Sellars' application was made well after his eligibility expired.

## III.  Conclusion

For the above stated reasons, we AFFIRM the district court's grant of summary judgment in favor of the defendants.

A true Copy:

  Teste:

      _____
      *Clerk of the United States Court of*
      *Appeals for the Seventh Circuit*