NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 15, 2007[*]
Decided August 16, 2007

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 07-1738

| | |
|---|---|
| GAJENDRA SINGH,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>HOLY CROSS HOSPITAL,<br>    *Defendant-Appellee.* | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Eastern Division<br><br>No. 05 C 3854<br><br>Virginia M. Kendall,<br>*Judge.* |

**O R D E R**

Gajendra Singh claims that he was the victim of discrimination and several state-law torts during his brief employment at Holy Cross Hospital. His suit against the hospital was dismissed at summary judgment, and he appeals. We affirm in part and vacate and remand in part.

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Singh moved to the United States in 2002 after receiving a medical degree in his native India. In January 2004 he was hired by Holy Cross as a part-time surgical assistant. He resigned that job in May 2004, and after exhausting his administrative remedies, he sued Holy Cross under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and 42 U.S.C. § 1981 claiming that he was passed over for promotion to a full-time position and denied additional hours for emergency calls because he is Indian. According to Singh, both the full-time position and the emergency hours went to white American citizens.

After completing discovery both parties moved for summary judgment. In support of its motion, Holy Cross offered the declaration of Singh's direct supervisor, Ruth Zych, along with Singh's deposition testimony and documentary evidence including his performance review. That evidence showed that almost immediately after Singh was hired his coworkers raised concerns about his performance. On Singh's first day Edguardo Arzadon—the employee charged with overseeing his training—told Zych that Singh lacked initiative and was unfamiliar with sterility techniques critical to his job duties. Several surgical technicians also raised concerns about Singh's performance during his first week. Arzadon again told Zych in March that Singh did not have the experience required to do his job effectively. Shortly thereafter, during a routine review of Singh's performance, Arzadon and other coworkers criticized his work, initiative, and attitude. In particular, Arzadon recommended that Zych not assign Singh additional responsibilities if better candidates could be found. Additionally, it was noted during the review process that Singh had failed to complete a checklist of tasks that all new surgical assistants must perform during orientation to show proficiency in the skills and procedures required to carry out their duties.

The hospital's evidence also showed that Singh applied in March 2004 to fill a vacancy for a full-time surgical assistant. Zych decided to offer Singh the opportunity to share the position with an external candidate, Jack Adesso. Zych intended to evaluate how each performed and then assign additional hours to the more qualified. Singh rejected this offer, so Zych gave the position to Adesso, whom she deemed more qualified anyway because he had 31 years' experience as a surgical assistant, including four years as the chief surgical assistant at a hospital in Virginia.

Finally, the evidence that Holy Cross put forward established that in May 2004, shortly before he quit, Singh repeatedly requested that Zych assign him some of the extra hours arising from emergency surgeries. Zych declined, however, because of Singh's performance issues and her uncertainly that he could work independently as these additional hours required. Zych also told Singh that he could not take emergency calls unless he completed his orientation checklist, which he never did. The record is unclear as to whether any other surgical assistants

took calls during this time. However some of the emergency calls required the assistance of a surgical technician, a position that typically involves fewer responsibilities in the operating room than that of a surgical assistant, and Zych gave these calls to a qualified technician.

In his own motion for summary judgment, Singh argued that he had established a prima facie case of discrimination under the indirect method. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). But he put forward little evidence to contradict the hospital's evidence that he was not qualified for the roles he sought. Singh essentially pointed to one positive comment submitted by a colleague during his performance review and a certificate showing that he received a surgical degree in India.

Singh also argued, however, that his evidence supported other state-law claims not identified in his complaint. Principal among them was a claim for negligence. Singh introduced interrogatory responses in which Holy Cross admitted that in April 2004 he was stuck by a needle that another employee failed to discard after it was used to administer a local anesthetic to a patient suffering from HIV and hepatitis. Singh had mentioned this incident in his complaint, and during his deposition he stated that it accounted for a portion of his requested damages. As for the other state claims, though, Singh introduced no relevant evidence.

The district court granted the hospital's motion for summary judgment and denied Singh's motion. The court analyzed the discrimination claims under the indirect method of proof, *see Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 538 (7th Cir. 2007) (explaining that indirect method of *McDonnell Douglas* applies equally to claims under Title VII and § 1981), and concluded, based on the undisputed evidence, that Singh was not performing up to the hospital's legitimate expectations, that he was not similarly situated to the individuals given the full-time position and emergency calls, and that he could not prove that the reasons given by Holy Cross for passing him over in both instances—his performance issues, relative inexperience, inability to work independently, and poor attitude—were pretextual. The court declined, however, to address Singh's state-law claims because he did not include them in his complaint or seek to amend it. Our review is de novo, *Rudin v. Lincoln Land Cmty. Coll.*, 420 F.3d 712, 719 (7th Cir. 2005), and like the district court we evaluate the evidence using the indirect method because that was the sole method advocated by Singh at summary judgment, *see Burks v. Wisconsin Dept. of Transp.*, 464 F.3d 744, 751 n.3 (7th Cir. 2006).

We reject Singh's contention that the district court erred in granting summary judgment for Holy Cross. To make out his prima facie case, Singh was required to put forward evidence establishing, among other things, that he was qualified for the positions he was denied. *See Koszola v. Bd. of Educ. of City of Chi.*,

385 F.3d 1104, 1110 (7th Cir. 2004). And Singh did not meet this burden. As evidenced by Zych's declaration and Singh's performance review, he was not performing adequately as a part-time surgical assistant, and that was reason enough for the hospital to conclude that he should not be made full-time or given the added responsibilities associated with taking emergency calls. The only evidence Singh supplied to show that he was qualified was his medical degree from India and the single positive comment from a coworker during his evaluation, but that evidence was not enough to establish a genuine issue given that he had no prior experience as a surgical assistant and that the vast majority of comments about his performance were negative. And, because Singh did not show that he was qualified for the roles he wanted, we need not address his arguments that he was similarly situated to the persons selected or that the hospital's explanations for its decisions were pretextual. *See Bio v. Fed. Express Corp.*, 424 F.3d 593, 596 (7th Cir. 2005).

On the other hand, we do agree with Singh that the district court should have addressed his state-law claims. At the hospital's urging, the court concluded at summary judgment that the state claims were not part of the case because Singh never explicitly identified those claims in his complaint and never sought to amend. But we have held that any issue that is "(pre)tried by implied consent of the parties" is properly before the district court on a motion for summary judgment, regardless whether the complaint was amended to include it. *Torry v. Northrop Grumman Corp.*, 399 F.3d 876, 879 (7th Cir. 2005). With one exception, though, Singh's state-law claims are frivolous, so it makes no difference that the district court did not reach them.

The exception, however, is Singh's claim that Holy Cross is liable for injuries he sustained after he was pricked by a needle that was used on a patient with HIV and hepatitis. Like the defendant in *Torry*, Holy Cross without objection engaged in discovery on that additional claim; the hospital answered Singh's interrogatories about the incident and raised the matter itself during his deposition. *See Torry*, 399 F.3d at 879. We thus agree with Singh that this claim was before the district court because Holy Cross impliedly consented to litigate it. Still, because it is a claim of negligence under Illinois law, the district court, in its discretion, could have declined to exercise supplemental jurisdiction over the claim, s*ee* 28 U.S.C. § 1367(a); *Sellars v. City of Gary*, 453 F.3d 848, 852 (7th Cir. 2006), especially once the federal claims were dismissed, *see* 28 U.S.C. § 1367(c)(3); *Christensen v. County of Boone*, 483 F.3d 454, 466 (7th Cir. 2007); *Bilow v. Much Shelist Freed Denberg Ament & Rubenstein, P.C.*, 277 F.3d 882, 896 (7th Cir. 2001). But we must remand so that the district court can make this determination. If the court declines to exercise jurisdiction, Singh will have 30 days to refile this claim in state court. *See* 28 U.S.C. § 1367(d).

Accordingly, we VACATE the dismissal of Singh's claim of negligence under state law, and REMAND for further proceedings solely as to that claim. In all other respects the judgment of the district court is AFFIRMED.