NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 23, 2010[*]
Decided June 23, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 09-3228

| | |
|---|---|
| PATRICIA SALLIS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 07-cv-1091 |
| | |
| AURORA HEALTH CARE, INC., | Lynn Adelman, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Patricia Sallis is a 48-year-old African-American woman. She sued her former employer, Aurora Health Care, Inc., under the Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964, claiming that the company fired her because of her age, race, and sex, *see* 29 U.S.C. § 623(a)(1); 42 U.S.C. § 2000e-2(a)(1), and because she complained about its discriminatory conduct, *see* 29 U.S.C. § 623(d); 42 U.S.C. § 2000e-3(a). The district court granted summary judgment against her because she did not present any

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

evidence that Aurora's decision to fire her was influenced by these impermissible considerations.  Sallis appeals, and we affirm the district court's judgment.

The parties do not dispute the underlying facts.  Aurora employed Sallis as a part-time security officer for almost 24 years.  During an overnight shift in August 2006, she left the hospice she was supposed to be patrolling and instead sat inside her car for more than five hours; when she returned to the hospice, she wrote in her activity log that she had been performing interior and exterior patrols.  Aurora mounted an investigation and fired her one week later for "negligent job performance" and falsifying a company record.

In considering Aurora's motion for summary judgment, the district court first observed that Sallis's filings referenced "numerous" allegedly discriminatory acts that she did not raise in her EEOC charge.  The court dismissed these claims, reasoning that Sallis was permitted to pursue only those allegations that she raised in her EEOC charge.  Next the court noted that, although Sallis's EEOC charge alleged that Aurora applied its attendance expectations in a discriminatory manner, she did not plead this claim in her complaint; in any event, the court continued, her scant references to "attendance issues" in her briefs were insufficient to develop an argument.  Finally the court granted summary judgment in favor of Aurora on Sallis's claim that the company fired her because of her race, sex, and age.  She had not established a prima facie case of discrimination, the court explained, because she did not present any evidence that similarly situated employees outside these protected classes were treated more favorably.

On appeal Sallis disputes the district court's conclusion that she failed to prove a prima facie case of discrimination.  Ordinarily a plaintiff proves a prima facie case of discrimination under the ADEA or Title VII by demonstrating that (1) she is a member of a protected class, (2) she met her employer's legitimate job expectations, (3) she suffered an adverse employment action, and (4) similarly situated employees outside of the protected class received more favorable treatment.  *Everroad v. Scott Truck Sys., Inc.*, 604 F.3d 471, 477 (7th Cir. 2010).  But in this case, Sallis argues, the second and fourth prongs of the prima facie case merge because Aurora was applying its legitimate employment expectations in a disparate manner.  *See Pantoja v. Am. NTN Bearing Mfg. Corp.*, 495 F.3d 840, 846 (7th Cir. 2007).  The company fired her for committing a single infraction, she insists, while young, white men who repeatedly ran afoul of company policy got off scot-free.

But Sallis did not submit any evidence to support her assertions, and the district court was correct to conclude that her uncorroborated suspicions were insufficient to stave off summary judgment.  She did belatedly attempt to file some documents, about a week after her brief in response to Aurora's motion for summary judgment was due.  But the

district court acted well within its discretion by refusing to accept the evidence; it had already extended the deadline twice, and Sallis offered no explanation for her tardiness. *See Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) ("A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored."). Aurora, on the other hand, submitted evidence of its policy to fire immediately any employee who falsifies a company record. Indeed, within the two years preceding Sallis's termination, Aurora found that two other employees had falsified company records and fired both.

Sallis's appellate brief devotes considerable space to a retaliation claim that she did not include in her EEOC charge. She suspects that Aurora retaliated against her for engaging in protected conduct because the company fired her the same day it learned that she had spoken with a lawyer. But she did not include this claim in her EEOC charge, she explains, because the agency forced her to abandon it. Her argument is doomed because she did not submit any evidence to substantiate this assertion. Yet even in the unlikely event that she could convince us that the EEOC's misleading advice would be a basis to toll the administrative statute of limitations, *see Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 81 (7th Cir. 1992), she could not prevail. What she characterizes as suspicious timing is actually not suspicious at all; in fact, Aurora's decision came at the culmination of a week-long investigation into whether she spent five hours sitting in her car when she was supposed to be patrolling the company's hospice. *See Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 851 (7th Cir. 2008).

Sallis alludes to other claims, but none is properly before this court. Her EEOC charge includes a claim that Aurora disciplined her for excessive absenteeism in a discriminatory manner, but she did not state this claim in her complaint or litigate it in her filings before the district court. *See Torry v. Northrop Grumman Corp.*, 399 F.3d 876, 879 (7th Cir. 2005). As for the remaining claims, not only did she fail to include any of them in her EEOC charge, but most of them arise from discrete incidents that took place well outside the 300-day filing period. *See* 29 U.S.C. § 626(d)(1); 42 U.S.C. § 2000e-5(e)(1); *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009); *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 270 (7th Cir. 2004); *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003).

AFFIRMED.