**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 9, 2011[*]
Decided February 9, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-1816

| | |
|---|---|
| WILLIAM MESSNER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 07 C 893 |
| ANTHONY CALDERONE, et al., | |
| *Defendants-Appellees.* | Virginia M. Kendall, |
| | *Judge.* |

**O R D E R**

After the Village of Forest Park, Illinois, declined to renew William Messner's license to operate a business from his rented home, he sued under 42 U.S.C. § 1983 claiming, as relevant here, that the village, its mayor, and several municipal employees had violated his right to equal protection by treating him differently from all other licensees. The district court granted summary judgment for the defendants and denied Messner's postjudgment motion to amend his complaint and add a new claim. We affirm the judgment.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

The admissible evidence established the following undisputed facts.  Messner applied in February 2005 for a license to run a commercial recording studio from his home.  In his application he acknowledged that the continuation of the one-year license would be conditioned on an inspection of the premises either then or while the license was in force.  The village clerk, as was her practice, approved Messner's application on March 3 without requiring an inspection.  She resigned that same day, and on April 8 a staff member (using the departed clerk's name) renewed the license for a full year, also without inspection.  (All business licenses issued by the village expire at the end of April, so Messner's initial license was valid for just eight weeks.)

The new clerk, who started in April, did not follow her predecessor's inspection policy.  She interpreted village ordinances to require that a business be inspected before a license first issues and thereafter when changed circumstances require.  And by January 2006 the village had received two complaints about Messner, so the clerk directed that his recording studio be inspected.  Messner repeatedly refused to cooperate, and before he applied for a renewal that April, he was warned that his application would be denied if he did not relent.  He still refused to allow an inspection, so the clerk rejected his application.

In his counseled lawsuit Messner claimed that the defendants had denied him equal protection by demanding that he alone submit to an inspection of his business and then refusing to renew his license when he would not acquiesce.  Both parties moved for summary judgment.  The defendants understood Messner to be raising only a "class of one" equal protection claim, *Vill. of Willowbrook v. Olech*, 528 U.S. 562 (2000); *Racine Charter One, Inc. v. Racine Unified Sch. Dist.*, 424 F.3d 677 (7th Cir. 2005), which is the only legal theory mentioned in Messner's own motion.  In reply to the defendants' motion, however, Messner asserted for the first time that they also had deprived him of a property interest in his business license without due process.  The district court granted summary judgment for the defendants on the equal protection claim after concluding that Messner had submitted no admissible evidence establishing that other similarly situated licensees had been treated more favorably.  The court declined to consider Messner's due process claim because it had not been raised earlier.  Messner timely moved for reconsideration, *see* FED. R. CIV. P. 59(e), and also sought leave to amend his complaint to add a due process claim, but the court denied both motions.

In his opening brief Messner, who is now pro se, does not present any substantial argument concerning the district court's analysis of his equal protection claim.  Instead he contends that his complaint adequately sets forth an alternative theory that the defendants denied him due process by not renewing his business license in 2006.  And alternatively, he continues, the court should have granted leave to amend.  We have reviewed Messner's complaint, however, and cannot find any semblance of a due process claim.  Nor did

Messner's lawyer litigate his due process theory before it first surfaced as an objection to the defendants' motion for summary judgment. *Cf. Torry v. Northrop Grumman Corp.*, 399 F.3d 876 (7th Cir. 2005). A plaintiff cannot add additional claims through arguments made in opposing summary judgment, *e.g., Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 412 (7th Cir. 2009); *Griffin v. Potter*, 356 F.3d 824, 830 (7th Cir. 2004), and thus the district court properly declined to consider the new theory at summary judgment.

And neither did the court abuse its discretion in declining to let Messner amend his complaint after he lost at summary judgment. The new and old claims arose from the same events, so Messner could have pressed both theories together. Instead he waited until discovery was closed and the defendants had prevailed. Counsel for Messner did not explain the delay or even submit a proposed amended complaint, and it could not have been error to deny his motion at such a late stage. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009); *Fannon v. Guidant Corp.*, 583 F.3d 995, 1002 (7th Cir. 2009); *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861-62 (7th Cir. 2001).

Messner makes several other arguments concerning the district court's treatment of the evidence at summary judgment. We have reviewed these contentions, but none has merit.

AFFIRMED.