NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted August 4, 2011*

Decided August 23, 2011

Before

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| **No**. 11-2099 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| WILLIAM MESSNER, *Plaintiff-Appellant*, | |
| **v.** | No. 07 C 893 |
| ANTHONY CALDERONE, *et al.*, *Defendants-Appellees.* | Virginia M. Kendall, *Judge*. |

**Order**

Earlier this year we affirmed the district court's decision dismissing William Messner's suit, which contended that officers of the Village of Forest Park, Illinois, had violated the Constitution by declining to renew a business license after he refused to allow an inspection of his premises. *Messner v. Calderone*, No. 10-1816 (7th Cir. Feb. 9, 2011) (non-precedential disposition). We considered Messner's claims under both the equal protection clause and the due process clause. The former was unsupported, we held, and the latter had been forfeited by its omission from Messner's original

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

complaint. We added that the district judge did not abuse her discretion by denying Messner's post-judgment request to amend his complaint to add a due process claim.

After we issued our mandate, Messner filed in the district court a motion under Fed. R. Civ. P. 60(b). This motion constituted another attempt to amend the complaint to add a due process claim. The district court denied this motion initially in the mistaken belief that it lacked jurisdiction. In response to a motion for reconsideration, the judge concluded that the court had jurisdiction but denied the motion on the merits. Messner has appealed again.

Rule 60(b) is not a means to relitigate contentions decided adversely to a litigant. Only extraordinary new developments justify reopening a lawsuit. See *Gonzalez v. Crosby*, 545 U.S. 524, 536–38 (2005). Messner is rehashing old arguments. His attempt to use Rule 60(b) to prolong a suit that has been resolved on appeal is frivolous, and he risks financial sanctions if he continues to refuse to accept defeat.

Messner contends that the district judge should have recused herself as biased. That argument, too, is frivolous. The only ground that Messner gives is the fact that the district judge has ruled against him repeatedly. Adverse rulings do not demonstrate bias. See *Liteky v. United States*, 510 U.S. 540 (1994).

AFFIRMED